UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUDGE JOAN H. LEFKOW

MAGISTRATE JUDGE ASHMAN

UNITED STATES OF AMERICA )
)
v. )
)
JON BURGE )
)

**08 CR 846**

Violations: Title 18, United States Code, Sections 1512(c)(2) and 1621(1)
UNDER SEAL

**FILED**

OCT 1 6 2008 TC
10-16-08
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## COUNT ONE

The SPECIAL FEBRUARY 2008-2 GRAND JURY charges:

1. At times material to this indictment:

    a. During the period from approximately 1970 to approximately 1993, defendant JON BURGE was a Chicago Police Officer.

    b. The Chicago Police Department assigned its detectives to different geographical divisions known as "Areas," which were based at different police stations.

    c. Area Two was located on the south side of Chicago. Until approximately 1983, it was located at 9059 S. Cottage Grove Ave. in Chicago. Since 1983, it has been located at 727 E. 111th Street in Chicago.

    d. From approximately 1972 to 1974, defendant JON BURGE worked as a detective assigned to Area Two. From approximately 1977 to 1980, JON BURGE held the rank of sergeant and was assigned to Area Two. From approximately 1981 to 1986, JON BURGE held the rank of Police Lieutenant, and was assigned as the supervisor of detectives assigned to the Violent Crimes Unit in Area Two.

2. At all times material to the indictment, federal law (including the United States Constitution as well as various federal statutes), Illinois law (including the Illinois constitution), and

Chicago police regulations prohibited torture, physical abuse, and other use of excessive force by police officers.

3. During the time that defendant JON BURGE was assigned to Area Two, JON BURGE was present for, and at times participated in, the torture and physical abuse of a person being questioned on one or more occasions. In addition, during the time he worked as the lieutenant supervising Area Two Violent Crimes detectives, JON BURGE was aware that detectives he was supervising engaged in torture and physical abuse of a person being questioned on one or more occasions.

4. After 1991, a series of civil lawsuits were filed in Chicago alleging that defendant JON BURGE and other police officers who were or had been under his command participated in acts of torture and physical abuse of people in custody.

5. One of those lawsuits, filed in 2003, in the United States District Court in Chicago, was entitled *Hobley v. Jon Burge, et al.*, No. 03 C 3678. The lawsuit included allegations that Madison Hobley had been tortured and abused by police officers at Area Two in January 1987 in order to coerce a confession, including an allegation that police officers had placed a plastic bag over Hobley's head until Hobley lost consciousness. The lawsuit claimed that defendant JON BURGE was aware of a pattern of torture and abuse at Area Two.

6. As part of civil discovery in the *Hobley* case, written interrogatories were served upon defendant JON BURGE. It was material to the outcome of the civil lawsuit whether in fact JON BURGE knew of or participated in torture and physical abuse of persons in Chicago Police Department custody. JON BURGE provided written answers to the interrogatories.

7. On or about November 12, 2003, defendant JON BURGE submitted "Defendant Jon Burge's Answers to Plaintiffs' [sic] First Set of Interrogatories," which included certain answers, to wit:

> QUESTION #13: State whether you have ever used methods, procedures or techniques involving any form of verbal or physical coercion of suspects while in detention or during interrogation, such as deprivation of sleep, quiet, food, drink, bathroom facilities, or contact with legal counsel and/or family members; the use of verbal and/or physical threats or intimidation, physical beatings, or hangings; the use of racial slurs or profanity; the use of physical restraints, such as handcuffs; the use of photographs or polygraph testing; and the use of physical objects to inflict pain, suffering or fear, such as firearms, telephone books, typewriter covers, radiators, or machines that deliver an electric shock. For each such use of verbal or physical coercion identify the detainee(s) and/or suspects(s), any other officers or individuals involved, the date of the incident, the specific conduct in which you or any other officer engaged, and whether you or any other officer was the subject of any complaint or discipline as a result of said conduct.
>
> > ANSWER: Defendant objects to Interrogatory no. 13 because said question is overly broad, unduly vague, ambiguous and calls for a legal conclusion. Subject to and without waiving said objection, *I have never used any techniques set forth above as a means of improper coercion of suspects while in detention or during interrogation.*
>
> QUESTION # 14: State whether you were aware of any Chicago Police Officer, including but not limited to officers under your command, ever using methods, procedures or techniques involving any form of verbal or physical coercion of suspects while in detention or during interrogation, such as deprivation of sleep, quiet, food, drink, bathroom facilities, or contact with legal counsel and/or family members; the use of verbal and/or physical threats or intimidation, physical beatings, or hanging; the use of racial slurs or profanity; the use of physical restraints, such as handcuffs, the use of photographs or polygraph testing; and the use of physical objects to inflict pain, suffering or fear, such as firearms, telephone books, typewriter covers, radiators, or machines that deliver an electric shock. For each such use of verbal or physical coercion of which you were aware identify the detainees(s) and/or suspect(s), any other officers or individuals involved, the date of the incident, the specific conduct in which you or any other officer engaged, and whether you or any other officer was the subject of any complaint.

> ANSWER: Defendant objects to Interrogatory no. 14 because said question is overly broad, unduly vague, ambiguous and calls for a legal conclusion. Subject to and without waiving said objection, *I am not aware of any.*

8. The italicized portion of these answers were false, for in truth and fact, as defendant JON BURGE then and there well knew, he had participated in one or more incidents of physical coercion of suspects while the suspects were in detention and/or were being interrogated, and was aware of one or more other such events involving the abuse or torture of people in custody.

9. On or about November 12, 2003, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

JON BURGE,

defendant herein, did corruptly obstruct, influence, and impede an official proceeding, and attempt to do so, in that the defendant signed answers containing false statements in response to interrogatories in the case of *Hobley v. Jon Burge, et. al.*, case no. 03 C 3678, and caused them to be served upon counsel for the plaintiff;

In violation of Title 18, United States Code, Section 1512(c)(2).

## COUNT TWO

The SPECIAL FEBRUARY 2008-2 GRAND JURY further charges:

1. The allegations of Paragraphs 1 through 6 of Count One of this indictment are hereby realleged and incorporated herein as if fully set forth herein.

2. On or about November 25, 2003, defendant JON BURGE submitted "Defendant Jon Burge's Answers to Plaintiff's Second Set of Interrogatories," which included certain answers, to wit:

> QUESTION # 3: Is the manner in which Madison Hobley claims he was physically abused and/or tortured as described in Plaintiff's Complaint (including, for example, the allegation of "bagging" with a typewriter cover) consistent with any other examples of physical abuse and/or torture on the part of Chicago Police officers at Area 2 which you observed or have knowledge of? Please explain your answer and identify any other instances or examples of the same or similar physical abuse and/or torture.
>
> ANSWER *I have not observed nor do I have knowledge of any other examples of physical abuse and/or torture on the part of Chicago Police officers at Area 2.*

3. The italicized portion of this answer was false, for in truth and fact, as defendant JON BURGE then and there well knew, he had observed, participated in, and had knowledge of one or more other examples of physical abuse and torture on the part of Chicago police officers at Area Two, including, but not limited to, abuse of a person by "bagging."

4. On or about November 25, 2003, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### JON BURGE,

defendant herein, having taken an oath to testify truthfully before a competent officer, or person, in a case in which a law of the United States authorizes an oath to be administered, subscribed to sworn

5

answers to Plaintiff's Second Set of Interrogatories in *Hobley v. Jon Burge, et. al.*, case no. 03 C 3678, and willfully and contrary to such oath stated and subscribed to the material matter set forth above in his answer to Question 3 which he did not believe to be true, when in truth and fact, as defendant JON BURGE then and there well knew, he had observed, participated in, and had knowledge of one or more other examples of physical abuse and torture on the part of Chicago police officers at Area Two, including, but not limited to, abuse of a person by "bagging";

In violation of Title 18, United States Code, Section 1621(1).

## **COUNT THREE**

The SPECIAL FEBRUARY 2008-2 GRAND JURY further charges:

1. The allegations of Paragraphs 1 through 3 of Count Two of this indictment are hereby realleged and incorporated herein as if fully set forth herein.

2. On or about November 25, 2003, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

JON BURGE,

defendant herein, did corruptly obstruct, influence, and impede an official proceeding, and attempt to do so, in that the defendant signed answers containing false statements in response to interrogatories in the case of *Hobley v. Jon Burge, et. al.*, case no. 03 C 3678, and caused them to be served upon counsel for the plaintiff;

In violation of Title 18, United States Code, Section 1512(c)(2).

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY

7