MHN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 08 CR 846 |
| | ) | |
| JON BURGE | ) | Judge Lefkow |

## AGREED PROTECTIVE ORDER

The parties have filed an Agreed Motion for a Protective Order. The government is prepared to produce documents that include documents obtained by grand jury subpoena in this investigation, as well as documents that may be subject to state grand jury secrecy provisions and protective orders in other litigation. Upon the parties' agreed motion, it is hereby ORDERED as follows:

1. All materials produced by the government in preparation for, or in connection with, any stage of the proceedings in this case, including but not limited to: grand jury transcripts, agency reports, witness statements, memoranda of interviews, and any documents and tangible objects produced by the government, shall remain the property of the United States. Upon conclusion of the trial and any appeals of this case or the earlier resolution of charges against the defendant, all such materials and all copies made thereof shall be destroyed. All copies withheld by the defense by express order of Court shall be preserved only so long as is necessary for further proceedings related to this cause, after which they shall be returned to the United States or destroyed. The Court may require a certification as to the disposition of any such materials retained.

2. All materials provided by the United States may be utilized by the defendant and his counsel solely in connection with the defense of this case and for no other purpose and in connection with no other proceeding (specifically including but not limited to any civil case against defendant).

1

The materials and any of their contents shall not be disclosed either directly or indirectly to any person or entity other than the defendant, defendant's counsel in this criminal case, persons assisting in the defense of this criminal case, persons who are interviewed or consulted during the course of the investigation of this case or such other persons as to whom the Court may authorize disclosure. Any notes or records of any kind that defense counsel or the defendant may make relating to the contents of materials provided by the government shall not be disclosed to anyone other than the defendant's counsel, and persons employed to assist the defense, or such other person as to whom the Court may authorize disclosure, and all such notes and records shall not be disclosed except as provided by this Order.

3. The materials shall not be copied or reproduced except so as to provide copies of the material for the use by each defense lawyer and defendant and such persons as are employed by them to assist in the defense and such copies and reproductions shall be treated in the same manner as the original matter.

4. The restrictions set forth in this order do not apply to documents that are public record, including but not limited to, trial transcripts, documents that have been received in evidence at other trials, or documents that are otherwise in the public domain.

5. Materials that are not already in the public domain ("Confidential Documents") shall not be filed with the Clerk of Court. Confidential Documents produced in discovery that require the Court's review shall be submitted to chambers in camera in a sealed envelope bearing the caption of the case, case number, the title of the motion or response to which the submitted Confidential Documents pertains, and the name and telephone number of counsel submitting the documents. The producing party shall maintain the original documents intact for any further review. A redacted copy of the

pleading shall be filed with the Clerk of Court for the record. In addition, personal identifying information will be removed from any documents before any such document is publicly filed with the Clerk.

6. Defendant's counsel of record shall inform anyone to whom any materials are disclosed, and that individual's attorney, that the disclosure is made pursuant to the terms of this Order; shall provide each of these individuals with a copy of this Order; and shall direct each of these individuals to comply with the terms of this Order.

7. This Order's restrictions do not apply to the United States, and nothing in this Order limits the government's use and/or dissemination of these materials.

8. If the defendant, or anyone who has received disclosure of materials under the terms of this Order, receives a subpoena or court order directing the turnover of any material covered by this Order, that person shall not turn over the materials, but shall promptly notify the attorneys for this government and this Court of said subpoena or court order. No material may be disclosed in response to the subpoena or court order without the express permission of this Court, granted prior to disclosure.

9. This Order may be modified by the agreement of the parties with permission of the Court or by further Order of the Court.

10. Intentional violation of this Order is punishable as a contempt, and may result in the imposition of civil and criminal sanctions.

ENTER:

_____
John Humphrey Lefkow
United States District Judge

Date: January 5, 2009

3