**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **vs.** | ) | **No. 08 CR 846** |
| | ) | **Judge Joan Humphrey Lefkow** |
| **JON BURGE** | ) | |

**DEFENDANT'S MEMORANDUM**
**OF LAW IN SUPPORT OF MOTION TO DISMISS**

The indictment alleges that Defendant Jon Burge worked as a Chicago police officer between 1970 and 1995. Count One ¶ 1(a). He was assigned to Area Two in different capacities between 1972 and 1974, 1977 and 1980, and 1981 and 1986. Count One ¶ 1(a). The indictment charges that, during his stints at Area Two, Burge was present for, and participated in, "torture and physical abuse," and was aware that detectives under his supervision engaged in "torture and physical abuse." Count One ¶ 3.

The indictment's preamble, the interrogatory questions quoted in the indictment and the "truth" paragraphs do not identify specific cases. In a letter to counsel dated January 15, 2009, the government stated that it anticipated presenting evidence during its "direct case concerning allegations of torture and abuse made by" nine individuals.

The indictment refers to a series of civil suits alleging that Burge and other officers participated in "acts of torture and physical abuse." Count One ¶ 4. Relevant to the actual charges is a lawsuit filed by Madison Hobley that included allegations that Hobley "had been tortured and abused by police officers at Area Two in January 1987 in order to coerce a confession, including allegations that police officers placed a plastic bag over Hobley's head until Hobley lost consciousness." Count One ¶ 5. Hobley, however, is *not* one of the cases identified in the government's letter.

The indictment alleges that Burge answered written interrogatories in *Hobley*. Count One ¶ 6. The indictment states that "[i]t was material to the outcome of the civil lawsuit whether in fact JON BURGE knew of or participated in torture and physical abuse of persons in Chicago Police Department custody." Count One ¶ 6.

Count One alleges that Burge committed obstruction of justice in violation of 18 U.S.C. § 1512(c)(2) on November 12, 2003 by providing false answers to two separate interrogatory questions in response to the Plaintiff's First Set of Interrogatories. Ex. 1. Count One further alleges that the answers were false because Burge knew that he "had participated in one or more incidents of physical coercion of suspects …" Count One ¶ 8. Paragraph 8, however, does not provide any particulars about the alleged "incidents."

Count Two alleges that Burge committed perjury in violation of 18 U.S.C. § 1621(1) on November 25, 2003 by providing a materially false answer to an interrogatory question under oath in response to the Plaintiff's Second Set of Interrogatories. Ex. 1. Count Two alleges that the answer was false because Burge knew that "he had observed, participated in, and had knowledge of one or more examples of physical abuse and torture on the part of Chicago police officers at Area Two, including, but not limited to, abuse of a person by bagging." Count Two ¶ 3. Paragraph 8, however, does not specify the "examples" at issue, nor does it identify the "person" who had been "bagged."

Count Three charges that the same interrogatory answer listed in Count Two violated 18 U.S.C. § 1512(c)(2).

## I. COUNTS ONE AND THREE SHOULD BE DISMISSED BECAUSE THE CIVIL DISCOVERY INTERROGATORY ANSWERS WERE NOT SUBMITTED, OR ATTEMPTED TO BE SUBMITTED, IN ANY "PROCEEDING BEFORE A JUDGE OR COURT"

In Counts One and Three, Burge is charged with obstruction of justice. 18 U.S.C.

§ 1512(c)(2) ("Whoever corruptly * * * obstructs, influences, or impedes any official proceeding, or attempts to do so" is guilty). The term "official proceeding" is defined in 18 U.S.C. § 1515(a)(1)(A) as "a proceeding before a judge or court of the United States."

According to the indictment, Burge's obstructive conduct consisted of his alleged false answers to discovery interrogatory questions in Hobley's civil case. The indictment does not allege that the answers were ever submitted to "a judge or court of the United States," attached to a pleading, or used in a hearing, trial or other judicial proceeding. Rather, the answers are alleged to have been submitted to plaintiff's counsel. Count One ¶ 7; Count Two ¶ 2; Count Three ¶ 1 (incorporating Count Two ¶ 2).

"To be valid, an indictment must allege acts which, if proven, would constitute an offense under the law that the defendant is charged with violating." *United States v. Bucey*, 876 F.2d 1297, 1302 (7th Cir. 1989); see *United States v. Risk*, 843 F.2d 1059 (7th Cir. 1988); *United States v. Gimbel*, 830 F.2d 621, 624 (7th Cir. 1987); Fed.R.Crim.P. 12(b)(3)(B).

Here, the meaning of the term "official proceeding" is at issue. The underlying statute requires the defendant to corruptly obstruct or impede, or attempt to corruptly obstruct or impede, an "official proceeding," 18 U.S.C. § 1515(c)(2), which means a "proceeding before a judge or court of the United States." 18 U.S.C. § 1515(a)(1)(A).

In *Dunn v. United States*, 442 U.S. 100 (1979), the Supreme Court considered the meaning of the word "proceeding" as employed in a criminal statute. In that case, Dunn implicated another in immunized grand jury testimony. The implicated person was indicted, and his attorney procured Dunn's oral statement recanting the grand jury testimony before a notary public. Dunn was indicted for violating 18 U.S.C. § 1623

based on the recantation statement. Section 1623 uses the word "proceeding."

The Supreme Court rejected the government's argument that the term "ancillary proceeding" should be given an expansive reading and include the false swearing of an affidavit since such conduct "poses the same threat to the fact-finding process as false testimony in open court." 442 U.S. at 107. Instead, the Court found that the word "proceeding … carries a somewhat more formal connotation." *Id*. The Court determined that Congress did not intend to relax the "court proceedings" requirement. If that were the case, then it "would have drafted § 1623 to encompass all sworn declarations irrespective of whether they were made in proceedings before or ancillary to a court." *Id*. at 108-09. The Court concluded that § 1623 excludes "statements given in less formal contexts than depositions." *Id*. at 111. The Court held that statements given before a notary public during the interview by counsel for the defendant in a criminal case did not constitute statements given in an "ancillary proceeding." *Id*. at 112-13.

The definition of "official proceeding" at issue here is more circumscribed than in § 1623. While § 1623 includes *ancillary* judicial proceedings, § 1515(a)(1)(A) does not. Rather, the covered "proceedings" here are "proceedings before a judge or court of the United States." It also bears noting that, in construing another obstruction statute (18 U.S.C. § 1503), the Court in *United States v. Aguilar*, 515 U.S. 593, 599 (1995), held that the statute did not reach proceedings that were ancillary to a court or grand jury proceeding. See also *Arthur Andersen LLP v. United States*, 544 U.S. 696 (2005).

In this case, Counts One and Three are deficient because they fail to allege that Burge took, or attempted to take, any action in relation to a "proceeding before a judge or court of the United States." 18 U.S.C. § 1515(a)(1)(A). The indictment simply does not

allege that the interrogatory answers were submitted in any "proceeding before a judge or court." To say that the submission of discovery responses to opposing counsel in a civil case constitutes obstruction in a "proceeding before a judge or court" would read the "official proceeding" requirement out of the statute.

Put another way, the indictment does not allege a nexus between the alleged obstructive conduct and a "proceeding before a court or judge." Counts One and Three are doomed by the fact that the alleged obstructive conduct did not occur before a court. A notary public, before whom Burge's answers were allegedly made, is not a "judge or court." Opposing counsel in a civil case is not a "judge or court of the United States."

The situation in this case is not substantively different from what confronted Dunn in recanting his grand jury testimony before a notary public in a lawyer's office. Even accepting the allegations of the indictment, Burge did no more than sign answers to questions posed by opposing counsel outside the context of a court proceeding. Because the submission of discovery answers to counsel is not an action in a "proceeding before a judge or court of the United States," Counts One and Three fail to state offenses as a matter of law. See *Dunn*, 442 U.S. 100; *see also United States v. Benevolence International Foundation, Inc.*, 2002 WL 31050156 (N.D. Ill. 2002) (Gottschall, J.) (dismissing § 1623 charge) (Ex.2); *United States v. Savoy*, 38 F.Supp.2d 406, 410-12 (D. Md. 1998) (same); *United States v. Lamplugh*, 17 F.Supp.2d 354 (M.D. Pa. 1998) (same).

**II. BURGE'S ALLEGED STATEMENTS WERE NOT "MATERIAL"**

A. Materiality is an essential element of the perjury offense charged in Count Two. A statement is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of the decision-making body to which it was addressed. *E.g.*,

*Neder v. United States*, 527 U.S. 1, 16 (1999); *United States v. Wells*, 519 U.S. 482, 490 (1997); *Kungys v. United States*, 485 U.S. 759, 767-75 (1988). This determination requires examination of at least two subsidiary questions: a) "what statement was made?" and b) "what decision was the agency trying to make?" *United States v. Gaudin*, 515 U.S. 506, 512 (1995). Materiality is a case-specific inquiry. *United States v. Rigas*, 490 F.3d 208, 231 (2nd Cir. 2007).

Materiality is conceptually distinct from other essential elements. Proof of intent to deceive is distinct from materiality. See *Neder*, 527 U.S. at 24; *United States v. Puerta*, 982 F.2d 1297 (9th Cir. 1992). Information that may be required "does not make any misstatement of that information *per se* material." *Rigas*, 490 F.3d at 234; see also *United States v. Akram*, 152 F.3d 698, 701-02 (7th Cir. 1998). Further, "'relevance' and 'materiality' are not synonymous …. 'To be 'relevant' means to relate to the issue. To be 'material' means to have probative weight,' i.e., reasonably likely to influence the tribunal in making a determination required to be made.'" *Rigas*, 490 F.3d at 234.

For many years, materiality was exclusively a legal question for the court. See *Kungys*, 485 U.S. at 772; *Sinclair v. United States*, 279 U.S. 263, 298 (1929). *United States v. Gaudin*, 515 U.S. 506 (1995), however, held that materiality is an essential element of a false statement charge that must be submitted to a jury in a criminal case. See also *Johnson v. United States*, 520 U.S. 461, 465 (1997). But even after *Gaudin*, materiality may present a question of law resolvable by a court in some contexts. *Rigas*, 490 F.3d at 231 n. 29; see also *United States v. Moore*, 84 F.3d 1567, 1573 (9th Cir. 1996). One of those contexts is a motion to dismiss, for *Gaudin* did not alter or trump the constitutionally-based notice requirements, the prosecution's obligation to frame a charge

that states an offense, or Rule 7(c)(1) of the Federal Rules of Criminal Procedure, which requires an indictment to state "essential facts constituting the offense charged."

B. In this case, Count Two fails to state an offense. Although Count Two generally alleges that Burge's supposed false statement was material to the civil lawsuit brought by Madison Hobley, it fails to allege facts showing how the statements were material. Nor does any count in the indictment allege that Burge's interrogatory answers affected anything, let alone a decision of a decision-maker in *Hobley*. Indeed, the indictment does not identify any particular decision that Burge's interrogatory answers were capable of influencing. See *United States v. Finn*, 375 F.3d 1033, 1040 (10th Cir. 2004) (false statement conviction reversed where evidence was insufficient to allow a reasonable fact-finder to determine, what decision, if any, agency was trying to make). Rather, the indictment merely states that it "was material to the outcome of the civil lawsuit whether in fact JON BURGE knew of or participated in torture and physical abuse of persons in Chicago Police Department custody," Count One ¶ 5, and that Burge's interrogatory answer in Count Two was a "material matter," Count Two ¶ 4. This general, boilerplate allegation will not do. A function of an indictment is to provide notice so the accused may prepare a defense. Absent identity of the particular decision alleged to be affected by a false statement, a defense cannot realistically be prepared.

Moreover, examination of the four corners of the indictment establishes that Burge's answers could not have been material as a matter of law. The indictment alleges the "torture" incidents in which Burge supposedly participated in, or had knowledge of, occurred "[d]uring the time that defendant JON BURGE was assigned to Area Two of the Chicago Police Department." Count One ¶ 3. The indictment states that Burge was

assigned to Area Two between 1972 and 1974, and 1977 to 1986, and does not assert that Burge held an Area Two assignment in 1987. Count One ¶ 1(a). Yet, the indictment provides that the interrogation of Madison Hobley occurred "by police officers at Area Two in January 1987." Count One ¶ 5.

According to Count Two, Burge's interrogatory answer was "material" to the civil lawsuit brought by Madison Hobley, *Hobley v. Jon Burge et al.*, case no. 03 C 3678. Count Two ¶ 4. But Burge is not alleged to have participated in Hobley's interrogation, either directly, or as a supervisor of Area Two detectives. Despite the fact that Burge was not even assigned to Area Two when Hobley was interrogated, plaintiff's counsel chose to name him as a defendant. In light of Burge's lack of connection to Area Two when Hobley was questioned, Burge's alleged interrogatory answers could not have been capable of influencing the decision of a decision-maker in the *Hobley* suit. See *Kungys*, 485 U.S. at 772-76 (plurality) (misstatements of true birth date and location were not material to naturalization proceeding); *Rigas*, 490 F.3d at 235-36 (evidence did not show that misstatements made by borrowers regarding leverage ratios were material to banks); see also *United States v. Barrett*, 111 F.3d 947, 953 (D.C. Cir. 1997).

The indictment fails to set forth sufficient facts showing how Burge's answers were material to a decision of a decision-maker in the *Hobley* suit. Because Count Two is legally defective on the essential element of materiality, it should be dismissed. Counts One and Three, charging obstruction of justice, 18 U.S.C. § 1512(c)(2), are also subject to dismissal. An obstruction of justice offense cannot rest solely on allegations of perjury. *E.g.*, *United States v. Littleton*, 76 F.3d 614, 619 (4th Cir. 1996). Here, Counts One and Three charge that Burge committed obstruction of justice by submitting false

interrogatory answers. What's more, Counts One and Three expressly incorporate the materiality requirement. Count One ¶ 6; Count Two ¶ 1; Count Three ¶ 1. Because the materiality allegation is defective, and the obstruction counts rely on allegedly false answers, Counts One and Three should likewise be dismissed.

## III. THE INDICTMENT IS UNDULY VAGUE

An unduly vague indictment is subject to dismissal. *Russell v. United States*, 369 U.S. 749 (1962). Although it is sometimes acceptable for an indictment to track statutory language, *e.g.*, *Hamling v. United States*, 418 U.S. 87, 117 (1974), *United States v. Locklear*, 97 F.3d 196, 199 (7th Cir. 1996), that is not the case when the nature of the charges are ambiguous, or guilt would depend on identification of a particular fact. *Russell*, 369 F.2d at 764; *United States v. Webster*, 125 F.3d 1024, 1029-30 (7th Cir. 1997); see also *United States v. Smith,* 230 F.3d 300, 305 (7th Cir. 2000) (indictment must "provide some means of pinning down the specific conduct at issue").

Civil discovery interrogatory questions are problematic when they are transformed to grounds for criminal prosecution. The foundation for the charges here depends on questions framed by Madison Hobley's counsel. See Ex. 1. Each question was boundless -- it was not in any way limited to particular cases or interrogations. Likewise, the "truth" paragraphs in Counts Two and Three do not identify the "incidents" or "examples" at issue.

The universe of individuals questioned at Area Two during the relevant times between 1972 and 1986 is obviously large. Under the circumstances of this case, guilt would depend upon identification of particular facts, *e.g.,* the names of the individuals supposedly subjected to illegal interrogations. Absent such identification, the indictment

is unduly vague and fails to provide the notice required by the Constitution and the Federal Rules of Criminal Procedure.

The indictment's unspecificity renders this case like *United States v. Hinkle*, 637 F.2d 1154 (7th Cir. 1981), in which the court ordered dismissal of an indictment charging the defendant with using a telephone to facilitate a controlled substance offense:

> Here, appellant only knows that she is charged with using the telephone on certain days to facilitate in some manner the doing of one of six types of acts, any of which might involve any one of one hundred and forty-two controlled substances. The indictment tells her nothing about the gravamen of the alleged offense: what she attempted to facilitate with which controlled substance. It is especially important that what she attempted to facilitate be spelled out because "facilitating" as used in 21 U.S.C. § 843(b) is intrinsically more vague than "promoting a business enterprise," with which defendants in *Rizzo* were charged. Furthermore, the indictment's specification of the date on which appellant allegedly used the phone in violation of 21 U.S.C. § 843(b) adds little if anything to her knowledge of the charges against her, *given the frequency with which most people use the telephone during any one day.*

*Id*. at 1158 (emphasis added); see *United States v. Sorrell*, 473 F.2d 1054 (7th Cir. 1973) (indictment charging failure to obey military-service rules and regulations defective because the relevant rules and regulations were not pled).

We do not ignore that the government (in a letter to defense counsel) has provided notice of nine cases about which it expects to adduce evidence at trial. This letter, however, cannot cure the vague indictment.[1] The cases in the letter were not identified in civil counsel's questions. The government cannot transform the text of the predicate perjury/false statement question after-the-fact. What is important is the respondent's

---

[1] The indictment is not saved even if the government's letter were construed as a bill of particulars. "[I]t is a settled rule that a bill of particulars cannot save an invalid indictment." *Russell*, 369 U.S. at 770; see also *United States v. Hoover,* 467 F.3d 496, 499 n. 2 (5th Cir. 2006); *United States v. Salisbury*, 983 F.2d 1369, 1376 (6th Cir. 1993); *United States v. Price,* 857 F.2d 234, 236 (4th Cir. 1988).

frame of mind in answering. By not identifying the particular cases, the questions were hopelessly vague and may not serve as the foundation for a federal criminal prosecution.

In addition, "the perjury statute is not to be loosely construed." *Bronston v. United States*, 409 U.S. 352, 360 (1973). "Precise questioning is imperative as a predicate for the offense of perjury." *Id*. at 358. "[T]he burden is on the questioner to pin the witness down to the specific object to the questioner's inquiry." *Id.* at 360. Similarly, a fundamentally ambiguous question may not serve as the predicate for a perjury or false-statement prosecution. *E.g., United States v. Markiewicz,* 978 F.2d 786, 808-09 (2nd Cir. 1992); *United States v. Schulman*, 817 F.2d 1385, 1360-61 (9th Cir. 1987); *United States v. Lighte*, 782 F.2d 367, 372 (2nd Cir. 1986); *United States v. Sainz,* 772 F.2d 559, 564 (9th Cir. 1985); see also *United States v. Slawik*, 408 F.Supp.2d 190, 205-206 (D.C. Del. 1976) ("It must appear reasonably likely from the face of the indictment that the minds of the questioner and of the witness met as to the meaning of the words used or phraseology employed in the questions and answers, otherwise a motion to dismiss must be granted on the ground that the questions and/or answers are fatally vague."); cf. *United States v. Yasak*, 884 F.2d 996 (7th Cir. 1989).

Here, the questions were wordy, unduly long, compound and referenced plainly proper police actions. Obviously, a person detained in the police station -- because he is suspected of committing a violent crime -- is not spending time at the Four Seasons. Cf. *Moran v. Burbine,* 475 U.S. 412, 422 (1986). There is nothing impermissible about a suspect not having free use of facilities. Nor are the police required to allow a suspect's family to roam non-public areas of a police station -- that would be like opening a jail to the public. Certainly, officers, dealing with persons suspected of committing violent

crimes, are not required to risk their own personal safety. Furthermore, use of photographs and polygraphs are permissible interrogation techniques. Yet, the interrogatory questions referenced these techniques.

By combining both proper and improper interrogation techniques and failing to identify particular incidents, the civil interrogatory questions were fundamentally ambiguous. Plaintiff's counsel simply did not satisfy the burden governing the predicates for a perjury-based criminal prosecution. Accordingly, each count in the indictment should be dismissed.

## V. THE INDICTMENT IS DUPLICITOUS

A. Pursuant to Rule 8(a) of the Federal Rules of Criminal Procedure, an indictment cannot be duplicitous. Duplicity occurs when a single count charges more than one offense. *E.g., United States v. Hughes*, 310 F.3d 557, 560 (7th Cir. 2002); *United States v. Buchmeier*, 255 F.3d 415, 421 (7th Cir. 2001); *United States v. Kimberlin*, 781 F.2d 1247, 1250 (7th 1985); *United States v. Berardi*, 675 F.2d 894, 897 (7th Cir. 1982); *United States v. Pavloski*, 574 F.2d 933, 936 (7th Cir. 1978); *United States v. Tanner*, 471 F.2d 128, 138 (7th Cir. 1972).

"[T]he ban against duplicitous indictments derives from four concerns." *Kimberlin*, 781 F.2d at 1250. First, duplicitous indictments fail to provide adequate notice. Second, "duplicitous counts … threaten to subject defendants to prejudicial evidentiary rulings at trial." *Id*. Third, duplicitous indictments produce trial records that are inadequate to permit a future double jeopardy plea. "Finally, courts overturn duplicitous indictments which present a risk that the jury may have convicted a defendant by a nonunanimous verdict." *Id.* "If any of these

dangers are present, the acts of the defendant should be separated into different counts even though they may represent a single, continuing scheme." *United States v. Alsobrook*, 620 F.2d 139, 142 (6th Cir. 1980).

B. Count One alleges that Burge made false responses to two separate interrogatory questions. The collapsing of two responses into a single count risks a verdict based on a less than unanimous consensus of the jury. Cf. *United States v. Smairat*, 2006 WL 1554412, *2 (N.D. Ill. 2006) (Lefkow, J.) ("The primary problem raised by a duplicitous count in an indictment is that it may allow for an invalid, non-unanimous jury verdict on each separate offense.") (Ex.3). Under the terms of Count One, a guilty verdict could be returned even though less than 12 jurors find proof beyond a reasonable doubt with respect to each of the questions.

The Seventh Circuit addressed an analogous issue in *United States v. Fawley*, 137 F.3d 458 (7th Cir. 1998). In that case, the indictment alleged that two separate statements were false. The district court instructed the jury that it had to "unanimously agree that at least one of the answers given by the defendant as charged in the indictment was false." *Id*. at 470. The district court refused a defense instruction that said that it was not "enough that you all believe that some answer given by the defendant" was false. The instruction explained that the jury could not find guilt if some of the jurors thought that only answer A was false and the rest believed that answer B was false. "There must be at least one specific answer that all of you believe is false in order to convict the defendant," so read the refused instruction.

The Seventh Circuit reversed for a new trial. The court deemed the defendant's instruction to be "clear and definitive," and the given instruction unclear and violative of

the right to a unanimous verdict, under Fed.R.Crim.P. 31(a). Agreeing with *United States v. Holley*, 942 F.2d 916, 929 (5th Cir. 1991), and *United States v. Gipson*, 553 F.2d 453 (5th Cir. 1977), the court found the given instruction permitted the jury to return a guilty verdict without reaching a unanimous verdict.

The government might respond to this point by arguing that the jury instructions may be crafted to cure the duplicity problem. Cf. *United States v. Stark*, 472 F.3d 466 (7th Cir. 2006) (jury instructions and special verdict cured duplicity concerns). There are two problems with this approach. First, the defendant has a right not to go to trial under a duplicitous charging instrument. Fed.R.Crim.P. 8(a). Indeed, *United States v. Gordon*, 844 F.2d 1397, 1400 (9th Cir. 1988), found that the defendant had waived an objection to a duplicitous indictment by not making a pretrial motion on the subject. The court noted that "a duplicity objection can easily be made before trial because a duplicity claim is directed at the *face* of the indictment …" *Id*.; see also *United States v. Alhalabi*, 2005 WL 819727, *1 (N.D. Ill. 2005) (Kennelly, J.) (denying post-trial duplicity claim because the defendant failed to make the argument pre-trial) (Ex.4).

Second, the right to a general verdict in a criminal case is "one of the most essential features of the right of trial by jury." *United States v. Spock*, 416 F.2d 165, 181 (1st Cir. 1969). There is no provision within the Rules of Criminal Procedure for a special verdict, and they are disfavored in criminal cases. 26 MOORE'S FEDERAL PRACTICE: CRIMINAL § 631.03[1] (2008); see also *United States v. Ellis*, 168 F.3d 558, 562 (1st Cir. 1999); *United States v. Blackwell*, 459 F.3d 739, 766 (6th Cir. 2006); *United States v. Pforzheimer*, 826 F.2d 200, 205 (2nd Cir. 1987). Burge should not be required to relinquish his right to a general verdict in order to assert his right to a non-

duplicitous indictment. Cf. *Simmons v. United States*, 390 U.S. 377, 391-92 (1968). The appropriate remedy for a duplicitous indictment is dismissal.

C. The threat of a non-unanimous verdict is acute under the circumstances of this case. That the government anticipates limiting its proof to specified cases does not cure the duplicity problem. The indictment could permit the jury to find guilt in the absence of a unanimous finding on any specific interrogation carried out by Area Two police officers.

Jury instructions could not realistically cure this problem. The impingement upon the right to a general verdict is especially pronounced if the jury were required to make findings on different interrogations *vis-à-vis* each of the three counts. See *United States v. North*, 910 F.2d 843, 876 (D.C. Cir. 1990) (*per curiam*), *modified on reh'g*, 920 F.2d 940 ("a defendant is entitled to unanimous agreement among the jury as to which … 'alternative factual predicates' provided a basis for conviction'"); *Gipson*, 553 F.2d at 458 (where an individual count charges several "distinct conceptual groupings" of activities, the jury must unanimously agree as to those distinct factual groupings); see also *United States v. Echeverry*, 719 F.2d 974, 975 (9th Cir. 1983).

Here, each interrogation at issue represents a distinct factual grouping for which the unanimity requirement is triggered. By failing to specify the particular cases in either the interrogatory questions or the indictment, the indictment is duplicitous and subject to dismissal. See, *e.g.*, *Tanner*, 471 F.2d 128 (count charging four defendants with transporting explosives in interstate commerce over a three-month period from and to various places, without specifying the individual roles of the defendants, was duplicitous and not harmless error).

Respectfully submitted,

*/s/ Marc W. Martin*

WILLIAM GAMBONEY, JR.
216 S. Marion St.
Oak Park, IL 60302
(708) 445-1994

RICHARD BEUKE
53 W. Jackson Blvd., Suite 1410
Chicago, IL 60604
(312) 427-3050

MARC W. MARTIN
MARC MARTIN, LTD.
53 W. Jackson Blvd., Suite 1420
Chicago, IL 60604
(312) 408-1111
*Attorneys for Defendant Jon Burge*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **)** | |
| | **)** | |
| **vs.** | **)** | **No. 08 CR 846** |
| | **)** | **Judge Joan Humphrey Lefkow** |
| **JON BURGE** | **)** | |

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of Defendant's Motion to Dismiss Indictment, along with the corresponding Memorandum of Law, to opposing counsel by electronically filing same using the Court's electronic filing system.

Respectfully submitted,

*/s/ Marc W. Martin*

WILLIAM GAMBONEY, JR.
216 S. Marion St.
Oak Park, IL 60302
(708) 445-1994

RICHARD BEUKE
53 W. Jackson Blvd., Suite 1410
Chicago, IL 60604
(312) 427-3050

MARC W. MARTIN
MARC MARTIN, LTD.
53 W. Jackson Blvd., Suite 1420
Chicago, IL 60604
(312) 408-1111
*Attorneys for Defendant Jon Burge*