IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 08 CR 846 |
| vs. ) | |
| ) | Judge Joan H. Lefkow |
| JON BURGE, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

On October 16, 2008, Jon Burge, a commander within the Chicago Police Department ("the Department") during the 1980s and early 1990s, was indicted based on allegedly false interrogatory answers he submitted in *Hobley* v. *Jon Burge*, *et al.*, No. 03 C 3678, a civil rights case filed in this court (referred to herein as "*Hobley*"). The two sets of interrogatories at issue concerned Burge's participation in and knowledge of an alleged pattern and practice of physical abuse and torture of the Department's Area Two detainees. Counts I and III charge Burge with obstructing justice in violation of 18 U.S.C. § 1512(c)(2) by signing false answers to the first and second sets of interrogatories propounded in *Hobley*. Count II charges Burge with perjury in violation of 18 U.S.C. § 1621(1). Presently before the court are the following motions filed by Burge:

(1) dismiss the indictment for failure to state an offense, because it is duplicitous and for various other defects [#50];

(2) to strike [#45];

(3) to dismiss on the basis of preindictment delay [#77];

(4) to produce exculpatory and impeachment information [#51];

1

(5)  for discovery and hearing on issue of grand jury abuse [#57, 67]; and

(6)  various other motions in limine [#34, 35, 37, 39, 41, 43, 47, 48].

The court's ruling on each motion is set forth below.

## RELEVANT FACTS[1]

### I.  The Allegedly False Statements at Issue in this Case

*Hobley*, filed in this court on May 30, 2003, alleged civil rights violations by Burge and several police detectives, and the City of Chicago. The 16-count amended complaint alleged that in January 1987, while investigating an arson that killed Hobley's wife and infant son, Area Two detectives, whom Burge commanded, attempted to coerce a confession from Hobley through torture, by beating him, suffocating him with a plastic typewriter cover, using racially offensive language and repeatedly threatening him. *See Hobley* Am. Compl. ¶¶ 12-14, 16-18. Hobley alleged that the detectives, unable to coerce him into making a confession, manufactured a false oral confession, planted incriminating evidence, withheld exculpatory evidence and bribed witnesses, all with intent to falsely implicate him at trial. *Id.* ¶¶ 20-29. He alleged that his injuries were caused by "a pattern and practice of misconduct which occurred with Defendant Burge's knowledge and consent in his supervisory capacity," *id.* ¶ 30, and that the City of Chicago was responsible for his injuries because the Department had a policy and practice of tolerating, even condoning, the officers' conduct. *Id.* ¶¶ 35, 49-56. Hobley's claims included numerous violations of due process and equal protection under 42 U.S.C. § 1983, and a Monell

---

[1] The facts of this case are more fully set forth in the opinions and orders issued by this court on April 23, 2009 (Docket No. 33), July 29, 2009 (Docket No. 121), and September 11, 2009 (Docket No. 130). The facts in this section are taken from the court's previous rulings, as well as the briefs submitted by the parties in regard to the motions at issue in this ruling.

claim against the City based on its failure to adequately train, supervise, control, and discipline its officers.

In discovery, Hobley's attorneys propounded two sets of interrogatories regarding Burge's participation in and knowledge of the alleged pattern and practice of torture at Area Two.[2] The first set of interrogatories and Burge's November 12, 2003 responses thereto are as follows:

> QUESTION #13: State whether you have *ever* used methods, procedures or techniques involving any form of verbal or physical coercion of suspects while in detention or during interrogation, such as deprivation of sleep, quiet, food, drink, bathroom facilities, or contact with legal counsel and/or family members; the use of verbal and/or physical threats or intimidation, physical beatings, or hangings; the use of racial slurs or profanity; the use of physical restraints, such as handcuffs; the use of photographs or polygraph testing; and the use of physical objects to inflict pain, suffering or fear, such as firearms, telephone books, typewriter covers, radiators, or machines that deliver an electric shock. For each such use of verbal or physical coercion identify the detainee(s) and/or suspect(s), any other officers or individuals involved, the date of the incident, the specific conduct in which you or any officer engaged, and whether you or any other officer was the subject of any complaint or discipline as a result of said conduct.
>
> ANSWER: Defendant objects to Interrogatory no. 13 because said question is overly broad, unduly vague, ambiguous and calls for a legal conclusion. Subject to and without waiving said objection, *I have never used any techniques set forth above as a means of improper coercion of suspects while in detention or during interrogation.*
>
> QUESTION #14: State whether you were aware of any Chicago Police Officer, including but not limited to officers under your command, ever using methods, procedures or techniques involving any form of verbal or physical coercion of suspects whole in detention or during interrogation, such as deprivation of sleep, quiet, food, drink, bathroom facilities, or contact with legal counsel and/or family members; the use of verbal and/or physical threats or intimidation, physical beatings, or hanging; the use of racial slurs or profanity; the

---

[2] Burge's answers to Hobley's first and second set of interrogatories were submitted before Hobley's amended complaint was filed; however, the substantive allegations underlying his claims were unchanged. Like the amended complaint, the original complaint also alleged that the torture and physical abuse of Hobley was undertaken pursuant to a pattern and practice of Area Two violent crimes detectives, for which the City of Chicago was responsible based on its failure to train, supervise and control its officers. *See Hobley* Original Compl. ¶¶ 33, 38.

> use of physical restraints, such as handcuffs; the use of photographs or polygraph testing; and the use of physical objects to inflict pain, suffering or fear, such as firearms, telephone books, typewriter covers, radiators, or machines that deliver an electric shock. For each such use of verbal or physical coercion identify the detainee(s) and/or suspect(s), any other officers or individuals involved, the date of the incident, the specific conduct in which you or any officer engaged, and whether you or any other officer was the subject of any complaint or discipline as a result of said conduct.
>
> ANSWER: Defendant objects to Interrogatory no. 14 because said question is overly broad, unduly vague, ambiguous and call for a legal conclusion. Subject to and without waiving said objection, *I am not aware of any.*

Indictment, Count I ¶ 7 (quoting Hobley's first set of interrogatories and Burge's responses thereto). On November 25, 2003, in response to Hobley's second set of interrogatories, Burge submitted the following response:

> QUESTION #3: Is the manner in which Madison Hobley claims he was physically abused and/or tortured as described in Plaintiff's Complaint (including, for example, the allegation of "bagging" with a typewriter cover) consistent with any other examples of physical abuse and/or torture on the part of Chicago Police officers at Area Two which you observed or have knowledge of ? Please explain your answer and identify any other instances or examples of the same or similar physical abuse and/or torture.
>
> ANSWER: I have not observed nor do I have knowledge of any other examples of physical abuse and/or torture on the part of Chicago Police officers at Area Two.

Indictment, Count II ¶ 2 (quoting Hobley's second set of interrogatories and Burge's responses thereto).

**II.     The Investigation, Indictment and Relevant Proceedings in this Case**

In July 2006, a Special States Attorney appointed by Cook County Circuit Court Judge Paul Biebel in April 2002 issued a report concluding that while certain individuals' claims of physical abuse and torture by officers at Area Two were credible, the statute of limitations barred criminal prosecution. One month after the report was released, in August 2006, the United States

4

Attorney for the Northern District of Illinois opened an inquiry into whether there were grounds to bring charges against Burge and other Area Two officers in connection with the civil rights litigation initiated against them. *See* Affidavit of Barry Miller ¶ 5, attached as Ex. 1 to Docket No. 107. That month, an Assistant United States Attorney ("AUSA") met with certain lawyers who had represented alleged victims of torture and abuse at Area Two; the lawyers informed the AUSA of the interrogatory answers filed by Burge in *Hobley*. *Id*. ¶ 17. Thereafter, a team composed of AUSAs, attorneys from the Civil Rights Division of the Department of Justice, and agents from Federal Bureau of Investigation was formed to investigate bringing criminal charges against Burge. In the course of its investigation, the team interviewed certain individuals involved in the prior proceedings relating to the allegations of torture and abuse at Area Two, as well as the copious amount of materials produced in those proceedings.[3] This investigation lasted for approximately one year, until the grand jury investigation of Burge commenced in August 2007. *Id*. ¶8.

On October 16, 2008, Burge was indicted. Count I charges that Burge obstructed justice, in violation of 18 U.S.C. § 1512(c)(2), by signing and submitting false responses to Questions 13 and 14 of Hobley's first set of interrogatories. It states that Burge's answers were false because Burge "then and there well knew he had participated in one or more incidents of physical coercion of subjects while the suspects were in detention and/or were being interrogated, and was aware of one or more other such events involving the abuse or torture of people in custody."

---

[3] In order to prevent the investigative team from reviewing any potentially *Garrity*-protected materials, *see* Sep. 11, 2009 Op. & Order (Docket No. 130), the investigative team sent portions of the materials they collected for an initial review by attorneys not involved in the investigation. Miller Aff. ¶¶ 19-20. This initial review lasted until late 2007, early 2008. *Id*. ¶ 21. Only after the initial review did the members of the investigative team begin reviewing materials from Andrew Wilson's two civil trials and the Police Board hearing. *Id.*

5

Indictment, Count I ¶ 8.  Count II charges that Burge committed perjury, in violation of 18 U.S.C. § 1621(1), by stating and subscribing to his answer to Question 3 of Hobley's second set of interrogatories.  It states that Burge's answer to Question 3 was false because Burge "then and there well knew he had observed, participated in, and had knowledge of one or more other examples of physical abuse and torture on the part of Chicago police officers at Area Two, including but not limited to, abuse of a person by 'bagging.'"  *Id*. Count II, ¶ 3.  Count III charges that Burge obstructed justice, in violation of 18 U.S.C. § 1512(c)(2), by signing and submitting false answers to Question 3 of Hobley's second set of interrogatories.

## ANALYSIS

**I.    Burge's motion to dismiss the indictment [#50].**

Burge moves for the dismissal of the indictment, arguing that it is legally insufficient. "For an indictment to be legally sufficient, it must accomplish three functions: it must state each of the elements of the crime charged; it must provide adequate notice of the nature of the charges so that the accused may prepare a defense; and it must allow the defendant to raise the judgment as a bar to future prosecutions for the same offense."  *United States* v. *Fassnacht*, 332 F.3d 440, 444-45 (7th Cir. 2003); *accord United States* v. *Ramsey*, 406 F.3d 426, 429-30 (7th Cir. 2005). Indictments are reviewed "'on a practical basis and in their entirety, rather than in a hyper-technical manner.'"  *Ramsey*, 406 F.3d at 430 (quoting *United States* v. *Smith*, 230 F.3d 300, 305 (7th Cir. 2000)).  While "it is generally acceptable for the indictment to track the words of the statute [under which the defendant is charged,] . . . . an indictment that tracks the statutory language can nonetheless be considered deficient if it does not provide enough factual particulars

to 'sufficiently apprise the defendant of what he must be prepared to meet.'" *Smith*, 230 F.3d at 305 (quoting *Russell* v. *United States*, 369 U.S. 749, 763, 82 S. Ct. 1038, 8 L. Ed. 2d 240 (1962)).

Burge's first argument is that the obstruction of justice charges (Counts I and III), fail to charge him with a cognizable offense because he signed his answers to the interrogatory questions at issue before a notary public and submitted them only to plaintiff's counsel, not directly to the court. Burge contends that these actions do not constitute conduct which "obstructs, influences or impedes any official proceeding" within the meaning of § 1512(c)(2).[4] Burge, however, fails to support his interpretation of § 1512 with citation to any relevant authority. Moreover, as the government argues, if § 1512 required that the conduct prohibited by the statute occurs in the courtroom, other conduct specified in the statute, such as witness intimidation and record destruction, could not be prosecuted. In short, if Burge intentionally submitted false answers in response to Hobley's first and second set of interrogatories, the effect of his conduct would have been to obstruct, influence and impede Hobley's case, an official proceeding that was pending in the Northern District of Illinois. Accordingly, Counts I and III sufficiently charge Burge with obstruction of justice under 18 U.S.C. § 1512(c)(2).

---

[4] The statute provides in relevant part,

§ 1512. Tampering with a witness, victim, or an informant

(c) Whoever corruptly - -
   (1) alters, destroys, mutilates or conceals a record, document, or other object, or attempts to do so, with the intent to impair the object's integrity or availability for use in an official proceeding; or
   (2) otherwise obstructs, influences, or impedes any official proceeding, or attempts to do so,

shall be fined under this title or imprisoned not more than 20 years, or both.

18 U.S.C. § 1512(c).

Second, Burge argues that the perjury count (Count II) fails to charge him with a cognizable offense because the indictment does not adequately allege that the statements at issue were material to Hobley's case.[5] "[A] concealment or misrepresentation is material if it has a natural tendency to influence, or was capable of influencing, the decision of the decision making body to which it is addressed." *Kungys* v. *United States*, 485 U.S. 759, 770, 108 S. Ct. 1537, 99 L. Ed. 2d 839 (1988) (citations omitted) (internal quotation marks omitted). Count II alleges that Burge's denial that he had observed or had knowledge of "any other examples of physical abuse and/or torture on the part of Chicago Police officers at Area Two," was material because Burge in fact knew of and had participated in "one or more other examples of physical abuse and torture on the part of Chicago police officers at Area Two, including but not limited to, abuse of a person by 'bagging.'" Indictment, Count II at 6. If Burge is arguing that the indictment must state why the false statement was material, he is not persuasive. The materiality of the statement would be obvious to a reasonable person. In contrast to a false denial, a truthful admission of the

---

[5] Count II of the Indictment charges Burge with committing perjury, in violation of 18 U.S.C. § 1621(1), which reads in relevant part

> § 1621. Perjury generally
> Whoever - -
>   (1) having taken an oath before a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered, that he will testify, declare, depose or certify truly, or that any written testimony, declaration, deposition, or certificate by him subscribed, is true, willfully and contrary to such oath states or subscribes any material matter which he does not believe to be true;
>                                    * * * *
> is guilty of perjury and shall, except as otherwise expressly provided by law, be fined under this title or imprisoned not more than five years, or both. This section is applicable whether the statement or subscription is made within or without the United States.

18 U.S.C. § 1621(1).

interrogatory would certainly have influenced the decision maker in *Hobley*, as it would likely have led to summary judgment of liability in favor of Hobley on numerous claims, or at least significantly narrowed the issues to be resolved. Accordingly, the indictment adequately alleges that Burge's answer to Question 3 of Hobley's second set of interrogatories was material to Hobley's case.

Burge's further contention that his answers could not have been material to Hobley's case because he is not alleged to have participated in Hobley's interrogation is similarly unavailing, as Hobley's claims were based on Burge's alleged failure to act to stop the conduct of those under his supervision, Am. Compl. ¶¶ 30-32, as well as the City of Chicago's alleged policies and practices. *Id.* ¶¶ 92, 117, 131, 160, 165, 166-171. Accordingly, Count II sufficiently charges Burge with perjury under 18 U.S.C. § 1621(1).

Third, Burge argues that the indictment is unduly vague because the interrogatory questions at issue are ambiguous. In the Seventh Circuit, when a question has "more than one meaning standing alone, [its] intended meaning is ordinarily an issue for the jury to determine." *United States* v. *Martellano*, 675 F.2d 940, 942 (7th Cir. 1982) (citing *United States* v. *Williams*, 536 F.2d 1202, 1205 (7th Cir. 1976)). Where the question is fundamentally ambiguous, however, the issue must be taken from the jury. *Id.* To determine whether the interrogatory questions at issue are fundamentally ambiguous, the context in which they were asked is critical. *See Martellano*, 675 F.2d at 943. Viewing the questions in the context of the *Hobley* case, which involved allegations of a pattern and practice of physical abuse and torture by Area Two police officers, the court concludes that they are not fundamentally ambiguous. The indictment is clear as to the nature of the charges Burge faces: making false statements with regard to whether he

9

physically abused, coerced or tortured suspects or was aware of such conduct by the officers whom he supervised.[6] Nor does Burge explain how the interrogatories admit of two or more meanings so as to undermine the clarity of the indictment. Accordingly, the indictment is not fundamentally ambiguous or unduly vague.

Last, Burge argues that the indictment is duplicitous because Count I alleges that Burge made false responses to two separate interrogatory questions. "A duplicitous count is one that charges more than one distinct and separate offense." *United States* v. *Berardi*, 675 F.2d 894, 897 (7th Cir. 1982) (citations omitted). "A count is not duplicitous, however, if it simply charges the commission of a single offense by different means." *Id.*; *see also* Fed. R. Crim. P. 7(c) ("A count may allege that the means by which the defendant committed the offense are unknown or that the defendant committed it by one or more specified means."). "Where the indictment 'fairly interpreted' alleges a 'continuing course of conduct, during a discrete period of time,' the indictment is not prejudicially duplicitous." *United States* v. *Davis*, 471 F.3d 783, 791 (7th Cir. 2006) (quoting *Berardi*, 675 F.2d at 898). Burge's argument also fails because his response, if proved false, to either Question 13 or 14 of Hobley's first set of interrogatories is sufficient to violate § 1512. Burge's argument that there is a risk that the jury may not render a unanimous verdict because different interrogatories could be used to prove the three different counts. Any risk to the unanimity requirement, however, can be cured by an appropriate jury instruction. *See*, *e.g.*, *Davis*, 471 F.3d at 791 (Defendant not subjected to possibility of non-unanimous verdict where the instructions informed the jury that they must unanimously find at least one scheme

---

[6] After the indictment was returned, the government advised Burge of the specific incidents of physical coercion, abuse and torture on which it intends to present evidence in its case in chief. The government's decision to narrow the universe of incidents at issue to seven has further assisted Burge in preparing his defense.

10

proved beyond a reasonable doubt); *Berardi*, 675 F.2d at 899 (defendant not faced with possibility of non-unanimous verdict where jury was instructed that in order to convict they "must be unanimous in . . . finding that the defendant did at least one of the acts charged."). Accordingly, the indictment is not duplicitous.

For the foregoing reasons, Burge's motion to dismiss the indictment [#50] is denied.

**II.    Burge's motion to strike [#45].**

Burge argues that the language in the indictment regarding the allegations of Hobley's lawsuit at Count I ¶ 5[7] and Count II ¶ 2[8] should be stricken because the government does not

---

[7] Count I ¶ 5 of the Indictment reads,

One of those lawsuits, filed in 2003, in the United States District Court in Chicago, was entitled *Hobley v. Jon Burge, et al.*, No. 03 C 3678. The lawsuit included allegations that Madison Hobley had been tortured and abused by police officers at Area Two in January 1987 in order to coerce a confession, including an allegation that police officers had placed a plastic bag over Hobley's head until Hobley lost consciousness. The lawsuit claimed that defendant JON BURGE was aware of a pattern of torture and abuse at Area Two.

Indictment, Count I ¶ 5.

[8] Count II ¶ 2 of the Indictment reads,
On or about November 25, 2003, defendant Jon Burge submitted "Defendant Jon Burge's Answers to Plaintiff's Second Set of Interrogatories," which included certain answers, to wit:

> QUESTION #3: Is the manner in which Madison Hobley claims he was physically abused and/or tortured as described in Plaintiff's Complaint (including, for example, the allegation of "bagging" with a typewriter cover) consistent with any other examples of physical abuse and/or torture on the part of Chicago Police officers at Area Two which you observed or have knowledge of ? Please explain your answer and identify any other instances or examples of the same or similar physical abuse and/or torture.
>
> ANSWER: I have not observed nor do I have knowledge of any other examples of physical abuse and/or torture on the part of Chicago Police officers at Area Two.

(continued...)

intend to produce evidence regarding Hobley's interrogation. Federal Rule of Criminal Procedure provides that "[u]pon the defendant's motion, the court may strike surplusage from the indictment." Fed. R. Crim. P. 7(d). It is within the discretion of the court to strike surplusage from the indictment "if the court finds the language to be immaterial, irrelevant, or prejudicial." *United States* v. *Marshall*, 985 F. 2d 901, 905-06 (7th Cir. 1993) (citations omitted). The language cited by Burge need not be stricken because it is relevant background to the charges and neither inflammatory nor prejudicial. Accordingly, Burge's motion to strike the indictment [#45] is denied.

**III.    Burge's motion for discovery and hearing on the issue of grand jury abuse [#57].**

Burge argues that the government has improperly continued to use the grand jury that returned the indictment against him to gather additional evidence for his prosecution. "The grand jury proceeding is accorded a presumption of regularity, which generally may be dispelled only upon particularized proof of irregularities in the grand jury process." *United States* v. *Mechanik*, 475 U.S. 66, 75, 106 S. Ct. 938, 89 L. Ed. 2d 50 (1986). The defendant bears the burden of demonstrating that the grand jury process has been abused. *United States* v. *Thompson*, 944 F.2d 1331, 1337 (7th Cir. 1991) (citations omitted). "The government may not use the grand jury for the sole or primary purpose of obtaining evidence against a defendant who has been indicted." *United States* v. *Badger*, 983 F.2d 1443, 1458 (7th Cir. 1993) (citations omitted). The government, however, may issue grand jury subpoenas to investigate unindicted defendants. *See United States* v. *Segal*, 299 F. Supp. 2d 840, 844 (N.D. Ill. 2004) (government may issue grand

---

⁸(...continued)
Indictment, Count II ¶ 2.

jury subpoenas when it contemplates bringing additional charges or adding new defendants (collecting cases)); *United States* v. *Avila*, No. 02 CR 464, 2004 U.S. Dist. LEXIS 14591, at * 6 (N.D. Ill. July 27, 2004) (government need not abruptly cease all investigation into undiscovered or unindicted crimes committed in furtherance of a conspiracy when an indictment has been issued); *In re Grand Jury Proceedings*, 201 F. Supp. 2d 5, 12 n.4 (D.D.C. 1999) (grand jury is entitled to continue a good faith inquiry into unindicted persons or uncharged criminal activity). Burge has presented evidence showing that the grand jury issued subpoenas to two persons after Burge's indictment. Burge argues that the purpose of these subpoenas must be to discover additional evidence against him because the statute of limitations has run on prosecuting any individuals involved in the alleged improper coercion, physical abuse or torture of suspects at Area Two. This argument amounts to nothing more than speculation and ignores the possibility that the government could prosecute other individuals for making false statements in civil rights cases, as it has chosen to do with Burge. Nevertheless, the government has submitted a statement in support of its response to Burge's allegations of grand jury abuse to this court for *in camera*, *ex parte* review. Having reviewed this statement, the court finds that the government has shown that any further use of the grand jury was not to obtain additional evidence against Burge. Accordingly, Burge's motion for discovery and hearing on grand jury abuse [#57, 67] is denied.

**IV.     Burge's request for a hearing and motion to dismiss for preindictment delay [#77].**

While "the applicable statute of limitations is the primary guarantee against bringing overly stale criminal charges[,] . . . . the due process clause of the Fifth Amendment would require dismissal of the indictment if it were shown at trial that the pre-indictment delay in this case caused substantial prejudice to [the defendant's] right to a fair trial and that the delay was an

13

intentional device to gain tactical advantage over the accused." *United States* v. *Marion*, 404 U.S. 307, 322-24, 92 S. Ct. 455, 30 L. Ed. 2d 468 (1971) (citations omitted) (internal quotation marks omitted); *accord United States* v. *Sowa*, 34 F.3d 447, 450 (7th Cir. 1994) ("To establish that a pre-indictment delay violated due process, [the defendant] must prove that the delay caused actual and substantial prejudice to his fair trial rights, and there must be a showing that the government delayed indictment to gain tactical advantage." (citations omitted)). "[A]llegations of actual and substantial prejudice [must] be specific, concrete, and supported by evidence." *Sowa*, 34 F.3d at 450 (citations omitted) (internal quotation marks omitted). It is insufficient for the defendant to "allege that a particular witness is no longer available and that the witness's testimony would have helped the defense." *United States* v. *Doerr*, 886 F.2d 944, 964 (7th Cir. 1989) (citations omitted) (internal quotation marks omitted). The defendant must instead convince the court that the witness would have testified, that the testimony would have withstood cross-examination, and that the jury would have found the witness credible. *Id.* Likewise, where the defendant complains that certain records have become unavailable due to pre-indictment delay, he must show "whose records would have been subpoenaed, what those records are likely to have shown, and how the records would have been helpful to the defense." *United States* v. *Canoy*, 38 F.3d 893, 902-03 (7th Cir. 1994).

Despite the return of the indictment within the applicable five-year statute of limitations, Burge claims that he has been prejudiced because "given the antiquity of the underlying allegations . . . , witnesses have died, memories are faded and documents cannot be located." Mem. in Supp. of Mot. to Dismiss for Preindictment Delay at 5 (Docket No. 78). Burge generally complains that many of the witnesses who could have testified regarding the seven interrogation

14

incidents at issue are unavailable, as are many of the documents which relate to those incidents. With regard to much of the unavailable testimonial and documentary evidence identified in his memorandum, Burge fails to show what it would have established and how it would have helped its case. With regard to witnesses who Burge contends would have testified favorably, Burge has failed to show that they would have testified and that their testimony would have withstood cross-examination and been found credible.

Even if Burge had made the requisite showing in regard to the prejudice prong of the analysis, Burge cannot show that the government delayed the indictment to gain a tactical advantage. Burge's general complaint is that the government waited too long to prosecute Burge for his alleged participation in or failure to stop the improper coercion, physical abuse and torture of suspects interrogated at Area Two. Burge, however, is not being prosecuted for such conduct. Rather, he is being prosecuted for making false statements submitted in civil rights litigation in this court in November 2003. Thus, the relevant inquiry is whether the government impermissibly delayed charging Burge's November 2003 conduct until October 2008. An examination of the facts surrounding the investigation and indictment in this case shows that it has not. The United States Attorney's Office did not begin an inquiry into the possibility of charging Burge with making false statements in civil rights litigation until July 2006, after the Special States Attorney issued its report. A month later, in August 2006, the United States Attorney first learned of Burge's interrogatory answers in *Hobley* when it met with certain civil rights attorneys. The following year was spent investigating the charges underlying this case. The length of this investigation is not suspect given the complex history of the allegations of torture and physical abuse at issue – a history which has spanned several decades, involved

15

numerous civil rights cases and investigations, and generated copious amounts of materials. In addition, the investigation required the collaboration of several agencies, as well as the institution of internal procedural safeguards – to prevent exposure to potentially *Garrity*-protected materials – which further delayed the process. Therefore, any delay in bringing charges against Burge in connection with the interrogatories in *Hobley* does not appear to be the result of the government's desire to gain a tactical advantage in this litigation.

Moreover, Burge has not and cannot show how any delay in prosecuting him for making false statements would have given the government a tactical advantage because (1) many of the witnesses and documents were unavailable prior to 2003, when the allegedly false statements at issue were made; and (2) because Burge has failed to show that the defense has been any more negatively affected by the passage of time than the prosecution. Because Burge has failed to show that he was actually and substantially prejudiced, and because he has failed to show that the government delayed prosecuting him in order to gain a tactical advantage, his motion to dismiss for pre-indictment delay must be denied.

**V.      Burge's motions in limine [#34, 35, 37, 39, 41, 43, 47, 48].**

[#34]  The government has offered to produce witness statements 14 days prior to trial, but Burge requests it do so 90 days prior to trial. The government opposes the motion on the bases that (1) under the Jencks Act, 18 U.S.C. § 3500(a),[9] it is not required to produce witness

---

[9] The Jencks Act provides in relevant part

(a) In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.

<mark>(continued...)</mark>

16

statements until after the witnesses have testified on direct; (2) the case is not as complicated as those cited by Burge in support of his motion, *i.e.*, the Conrad Black, Family Secrets, or Ryan trials, because the indictment in this case is only three counts, and involves only perjury and obstruction of justice charges, and (3) the government has already narrowed down the incidents of allegedly improper coercion, physical abuse and torture it will present in its case in chief to seven. The government anticipates that only 75 pages of witness statements will be produced and argues that two weeks is enough time to review them. Although the government has the right to withhold the documents, the court requests that it turn them over 30 days in advance of trial.

[#35] Defendant's motion for information relating to informants is denied as moot because the government represents that it is not asserting the informer's privilege in regard to any persons.

[#37] Defendant's motion to require pretrial identification of trial exhibits is granted to the extent that the parties shall identify trial exhibits 30 days in advance of trial.

[#39] Defendant's motion to produce witness list is granted to the extent that the parties must produce witness lists in the pretrial materials. If necessary, the parties are directed to work together to draft an agreed protective order.

[#41] Burge's motion for a bill of particulars is denied. "[A] motion for a bill of particulars lies within the discretion of the trial court." *United States* v. *Kendall*, 665 F.2d 126, 134 (7th Cir. 1981). Such a motion should be denied when "the indictment sets forth the elements of the offense charged and sufficiently apprises the defendant of the charges to enable

---

[9](...continued)
18 U.S.C. § 3500(a).

17

him to prepare for trial." *Id*. The government has narrowed the evidence it intends to introduce in its case-in-chief to seven incidents, and Burge has had access to the discovery relevant to those incidents since at least February 6, 2009, *see* Docket No. 68 ¶ 4, more than a full year before the trial date. *See United States* v. *Canino*, 949 F.2d 928, 949 (7th Cir. 1991) ("[A] bill of particulars is not required when information necessary for a defendant's defense can be obtained through some other satisfactory form." (citations omitted)); *accord United States* v. *Troutman*, 572 F. Supp. 2d 955, 965 (N.D. Ill. 2008) (denying motion for bill of particulars where indictment was not deficient and defendant had sufficient access to discovery).

[#43] Burge's motion to preclude prior results and findings is granted without opposition in regard to the parties' direct examination and to the extent that it is offered to prove the truth of the matter asserted. To the extent that such evidence is offered for other purposes, such as to show motive or bias, or on cross-examination, redirect or rebuttal, the court reserves ruling until trial.

[#47] Burge's motion to produce expert witness material is denied as moot.

[#48] Defendant's motion for use of a jury questionnaire is granted without objection. The parties are directed to work together to prepare a jury questionnaire to be submitted to the court 60 days in advance of trial.

## CONCLUSION AND ORDER

Enter order regarding motions [# 34, 35, 37, 39, 41, 43, 45, 47, 48, 50, 57, 67, 77]. The court's ruling on Burge's motions to produce exculpatory and impeachment information [#51] and to admit prior testimony [#79] will issue separately by mail.

*Joan N. Lefkow*

Dated: October 27, 2009  Enter: _____
JOAN HUMPHREY LEFKOW
United States District Judge