**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **vs.**                                    ) | **No. 08 CR 846** |
| ) | **Honorable Joan H. Lefkow** |
| **JON BURGE**                     ) | |

**DEFENDANT BURGE'S MOTION REGARDING CERTAIN
DEFENSE WITNESSES, REQUEST FOR DEFENSE WITNESS
IMMUNITY OR IN THE ALTERNATIVE NOTICE PURSUANT
TO RULE 807 OF THE FEDERAL RULES OF EVIDENCE**

Defendant Jon Burge, by his attorneys pursuant to the Fifth and Sixth

Amendments of the United States Constitution respectfully moves this Honorable Court

to hold a hearing and make a determination directing certain defense witnesses to testify.

Defendant also moves for immunity to be conferred upon certain defense witnesses.  In

the alternative to these requests, Defendant supplies notice pursuant to Rule 807 of the

Federal Rules of Evidence.  In support thereof, the following is offered:

This Court has ruled that the government may admit the prior testimony of

Andrew Wilson, even though he is deceased and repeatedly invoked the Fifth

Amendment during cross-examination.  *United States v. Burge*, 2009 WL 1108488 (N.D.

Ill. 2009).

In his testimony, Wilson made allegations concerning Chicago Police Detective

Thomas McKenna and then Assistant States Attorney Lawrence Hyman.  McKenna and

Hyman have previously testified on the subject of Andrew Wilson's arrest and

interrogation.  They each testified at the civil trials in *Wilson v. City of Chicago*, as well

as the Police Board hearing in which Jon Burge, John Yucaitis and Patrick O'Hara were

the respondents.  *Superintendent v. Burge*.  Their testimony directly refuted allegations made by Wilson.

Counsel for McKenna and Hyman have informed us that their clients would assert the Fifth Amendment if called by Burge as witnesses at trial.

Defendant requests this Court to conduct an inquiry into the validity of the assertion of the privilege by McKenna, Hyman and any other defense witness who seeks to invoke it.  The privilege against self-incrimination is "confined to instances where the witness has reasonable cause to apprehend danger from a direct answer."  *Hoffman v. United States*, 341 U.S. 479, 486 (1954).  While we understand the desire not to be called as a witness, reluctance, fear of reprisal or discomfort are not valid reasons to excuse testimony.  *E.g., United States v. Allmon*, 594 F.3d 981, 986 (8th Cir. 2010): *United States v. Stewart*, 445 F.2d 897, 900-01 (8th Cir. 1971); see also *Ohio v. Reiner*, 532 U.S. 17, 21 (2001) ("A danger of 'imaginary and unsubstantial character' will not suffice.").

Moreover, a "witness is not exonerated from answering merely because he declares that in so doing he would incriminate himself -- his say-so does not of itself establish the hazard of incrimination."  *Hoffman*, 341 U.S. at 486.  "It is for the court to say whether his silence is justified."  *Id.*; see also *Reiner*, 532 U.S. at 21 ("That inquiry is for the court; the witness' assertion does not by itself establish the risk of incrimination.").  A "blanket assertion of the privilege is not sufficient to meet the reasonable cause requirement and the privilege cannot be claimed in advance of the questions."  *United States v. Highgate*, 521 F.3d 590 (6th Cir. 2008) (citing *In re Morganroth*, 718 F.3d 161, 167 (6th Cir. 1983)).  "A district court should not accept a witness' blanket assertion of the Fifth Amendment privilege in response to any and all

questions asked of her.  Rather, once a witness has claimed the privilege, the district court

must determine whether that claim is valid in relation to the subject area about which

inquiry is sought." *United States v. Rodriguez*, 706 F.3d 31, 37 (2nd Cir. 1983); see also

*United States v. Gibbs*, 182 F.3d 408, 431 (6th Cir. 1999) ("A witness cannot meet the

reasonable-fear-of-prosecution prong by simply making a blanket assertion of the

privilege against self-incrimination."); *United States v. Fricke*, 684 F.2d 1126, 1132 (5th

Cir. 1982) ("a court must not accept, without inquiry, witnesses' blanket fifth amendment

assertions"); *United States v. Zappola*, 646 F.2d 48, 53-54 (2nd Cir. 1981) (district court

erred in accepting government informant's blanket assertion of the privilege against self-

incrimination without conducting a particularized inquiry); *United States v. Goodwin*,

625 F.2d 693 (5th Cir. 1980) (same).

Here, McKenna and Hyman did not testify to anything even remotely self-

incriminating in their prior testimony before civil juries and the Police Board.

Accordingly, the Fifth Amendment does not exempt their testimony.  As stated in

*Allmon*:

> Appellant failed to meet his burden of demonstrating the presence of that
> danger in this case.  The testimony that the Government sought to elicit in
> the Harris and Reed trial was precisely the same as that which Appellant
> had already given at Derek's trial.  Testifying consistently with his prior
> testimony would not expose Appellant to any further jeopardy beyond that
> which existed by virtue of prior testimony.

594 F.3d at 985.

A refusal to testify because the putative witness fears the future testimony might

be questioned as perjury is not a valid ground to invoke the privilege against self-

incrimination.  *Allmon*, 594 F.3d at 986-87.  If witnesses were to argue that they should

be excused from giving evidence because it might expose to them to a perjury

prosecution for past testimony, cf. *United States v. Silverstein*, 732 F.2d 1338 (7th Cir.

1984), that would not be a valid ground upon which to assert the privilege under the

circumstances of this case.  The Police Board hearing occurred in 1992.  The civil trials

were held before that.  Both the Federal and State statute of limitations have expired for

perjury.  18 U.S.C. § 3282 (five-year statute of limitations); 720 ILCS 5/3-5 (three-year

statute of limitations).  A person does not have a valid Fifth Amendment claim when the

statute of limitations for the feared possible prosecution has expired.  *Brown v. Walker*,

161 U.S. 591, 598 (1896) ("if a prosecution for a crime, concerning which the witness is

interrogated, is barred by the statute of limitations, he is compellable to answer"); see

also *United States v. Woodford*, 463 F.3d 982, 987 n. 5 (9th Cir. 2006); *Stewart*, 445 F.2d

at 900.

 And even if the witnesses could assert the Fifth Amendment on some questions,

the defendant should be allowed to call them in his defense.  As this Court has ruled,

assertions of the Fifth Amendment on collateral matters do not provide grounds to strike

testimony.  See *Burge*, 2009 WL 1108488, *8-9.

 Any thicket engendered by putative witnesses attempt to invoke the privilege

against self-incrimination could be avoided by the Court or government conferring

immunity on the witnesses.  This case is highly unusual in that the Defendant's main

accuser is deceased, as are the two Chicago Police Officers who have previously refuted

his testimony.  While the Court is allowing the government to introduce Wilson's prior

testimony, it has barred the defendant from offering the prior testimony of the deceased

defense witnesses.  Two individuals who took confessions from Wilson (McKenna and

Hyman) are still alive, but are resisting giving testimony.  Under the circumstances of this

case, the government's access to evidence is lopsided.  Cf. *United States v. Buljabasic*,
808 F.3d 1260, 1268 (7th Cir. 1987).  The selective grants of immunity in this case
threaten to distort the fact-finding process.  Cf. *United States v. D'Antonio*, 801 F.2d 979,
982-83 (7th Cir. 1986).  According, this case is appropriate for granting McKenna and
Hyman use immunity.  Cf. *Autry v. McKaskie*, 465 U.S. 1085 (1984) (Marshall, Brennan,
JJ., dissenting from denial of *certiorari*) (noting conflict among circuits regarding
defense witness immunity issues); *Government of Virgin Islands v. Smith*, 615 F.2d 964
(3rd Cr. 1980).

In the event the Court rules that McKenna and Hyman are not required to testify
at trial, Defendant respectfully supplies notice that he will offer their prior testimony in
*Wilson v. City of Chicago* and *Superintendent v. Burge* under Rule 807 of the Federal
Rules of Evidence.[1]

We are aware this Court has ruled that the prior testimony of Yucaitis and O'Hara
may not be admitted on grounds that it is not sufficiently trustworthy.  *United States v.
Burge*, 2010 WL 899147 (N.D. Ill. 2010).  In this regard, the Court held that Yucaitis and
O'Hara faced personal liability at the civil trial, and potential job loss at the Police Board
hearing.  These factors do not apply with respect to Hyman and Hill.  They were neither
defendants in the civil case, nor respondents before the Police Board.  Further, McKenna,

---

[1]     Defendant will comply with the address requirement of Rule 807 by way of a
letter to the government.  We will also identify the database numbers where the testimony
appears.

while a defendant (who prevailed) in the civil case, was not a respondent before the

Police Board.[2]

WHEREFORE, based on the foregoing, Defendant Jon Burge respectfully moves

this Honorable Court to conduct particularized inquiries with respect to any defense

witness who intends to attempt to assert the privilege against self-incrimination; order

that immunity be conferred on such defense witnesses; admit prior testimony of any

unavailable witnesses; and/or grant any other equitable and appropriate relief.

Respectfully submitted,

*/s/ Richard Beuke*

RICHARD BEUKE
53 W. Jackson Blvd., Suite 1410
Chicago, IL 60604
(312) 427-3050

WILLIAM GAMBONEY, JR.
216 S. Marion St.
Oak Park, IL 60302
(708) 445-1994

MARC W. MARTIN
MARC MARTIN, LTD.
53 W. Jackson Blvd., Suite 1420
Chicago, IL 60604
(312) 408-1111
*Attorneys for Defendant Jon Burge*

---

[2] We incorporate our memorandum in support of the motion to admit the testimony of Yucaitis and O'Hara herein by reference.  If the Court rules that the witnesses are entitled to invoke the Fifth Amendment on a wholesale basis, then we will ask to supplement the briefing.

## <u>CERTIFICATE OF SERVICE</u>

I, MARC W. MARTIN, an attorney for Defendant Jon Burge, hereby certify that

on this, the 1st day of April, 2010, I filed the above-described document on the CM/ECF

system of the United States District Court for the Northern District of Illinois, which

constitutes service of the same.

/s/ Marc W. Martin

MARC W. MARTIN
MARC MARTIN, LTD.
53 W. Jackson Blvd., Suite 1420
Chicago, IL 60604
(312) 408-1111