UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 08 CR 846 |
| vs. | ) | Judge Joan H. Lefkow |
| | ) | |
| JON BURGE | ) | |

## GOVERNMENT'S MOTION TO BAR CERTAIN TESTIMONY UNDER FEDERAL RULES OF EVIDENCE 702, 703, AND 705

The UNITED STATES OF AMERICA, by its attorney, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, moves *in limine* to bar the following testimony:

1. The opinions of Judge Locallo as summarized in paragraphs three through ten of defendant's Rule 16 disclosure (attached as Exhibit A).

2. All proposed testimony of former Special Agent Thomas O'Brien (Bureau of Alcohol  Tobacco Firearms and Explosives, hereinafter "ATF").

In support of this motion, the government states as follows:

### *Background of Judge Locallo's Opinion*

Pursuant to Fed. R. Crim. P. 16, the defendant has given notice that he will present the testimony of retired Judge Daniel Locallo and retired Special Agent Thomas O'Brien, ATF.[1]

---

[1] Defendant has also given notice that he will present expert medical testimony of Dr. Michael Baden, opining as to the nature and causes of various injuries on Andrew Wilson. The government does not seek to bar Dr. Baden's testimony *in limine* based on defendant's Rule 16 disclosures. The government does reserve all rights to object to Dr. Baden's testimony as appropriate, save any procedural objections under Fed. R. Crim. P. 16.

In his Rule 16 notice, defendant identifies the following areas that Judge Locallo will testify to at trial, and which the government moves *in limine* to bar:[2]

1.  William Murphy, who represented Leonard Hinton, is a competent and experienced criminal defense attorney, who would file a motion to suppress a statement if his client, Leonard Hinton, claimed to have been mistreated by police officers.

2.  Other than satisfying a pleading requirement, there is "no screening process" for the filing of a federal civil lawsuit[3] alleging physical abuse by a police officer.  The filing of a civil lawsuit alleging police physically abused or illegally interrogated an individual does not mean that the abuse or illegal conduct occurred.

3.  The submission of answers to interrogatories during discovery in a civil case is not a submission in an official proceeding, and does not have the indicia of formality associated with an official proceeding.

4.  The proponent of an interrogatory has an obligation to state the interrogatory question clearly.  In the instant case, the interrogatories that the defendant is alleged to have falsely answered were objectionable and defective because they were overbroad, unclear and asked compound questions.

5.  In Madison Hobley's federal civil rights case, Hobley had the initial burden of proving the elements of his claims.  If Hobley was unable to prove the elements of his case in the first instance, defendant's allegedly false answers to interrogatories could not have been material.

6.  Defendant's answers "to the interrogatories had no effect in Madison Hobley's federal civil rights case.  The answers were not ever filed in an official proceeding, or used in any proceeding by any party in the case."

---

[2]     The government is paraphrasing Judge Locallo's proposed testimony. Attached to this motion is defendant's Rule 16 disclosure.

[3]     Defendant's Rule 16 disclosure does not limit itself to federal civil lawsuits.  The government believes that all relevant lawsuits to this matter were federal lawsuits.

7.      If defendant had made an admission[4] in an answer to an interrogatory that he knew about unlawful police interrogation techniques being used by himself or other officers, defendant's answer would not be material if Hobley was unable to first prove the elements of his case.

8.      Judge Locallo has not seen any evidence of defendant's personal involvement in Hobley's interrogation.

### *Argument*

Rule 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702.  "The admissibility of expert testimony is governed by Federal Rule of Evidence 702 and the framework established by the Supreme Court in *Daubert*." *United States v. Pansier,* 576 F.3d 726, 737 (7th Cir. 2009), *citing Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 589 (1993).  "The district court . . .must act as the gatekeeper to ensure that the proffered testimony is both relevant and reliable." *Pansier*, 576 F.3d at 737.  In determining reliability of a proffered expert's opinion, this Court should consider the proposed expert's full range of experience and training, as well as the methodology used to arrive at a  particular conclusion. A trial court is given great latitude in determining not only *how* to measure the reliability of the proposed

---

[4]      Defendant's Rule 16 disclosure appropriately describes this circumstance as "hypothetically."  For clarity of argument and presentation, the government has not included "hypothetically."

expert testimony but also whether the testimony is, in fact, reliable. *See generally Pansier*, 576 F.3d at 737 (noting that the district court must provide more than just conclusory statements of admissibility to show that it adequately performed the *Daubert* analysis) (multiple citations omitted).

While the government agrees that the jury would be assisted by being presented with some technical background testimony regarding civil litigation, and how a civil lawsuit is prosecuted,[5] much of the proffered testimony of both opinion witnesses exceeds the bounds of proper expert testimony, would create jury confusion, or is not the verifiable opinion testimony that Rule 702 requires.

## JUDGE LOCALLO'S TESTIMONY

### Attorney William Murphy Would Have Filed a Motion to Suppress If Leonard Hinton Had Claimed to Have Been Beaten By Police

Locallo opines that William Murphy is a competent and experienced criminal defense attorney, and then predicts (without so much as a crystal ball as a supporting reference) that if Leonard Hinton had told Murphy that he (Hinton) were abused by the police, Murphy would have filed a motion to suppress Hinton's statement. As to the first prong of this opinion – that William Murphy is a competent criminal defense attorney, this opinion is devoid of any relevance to this case. *See United States v. Hall*, 93 F3d 1337, 1342 (7th Cir. 1996) (in evaluating the admissibility of an expert opinion

---

[5]     To this end, the government has also tendered an expert, Professor Robert Michael, Loyola University, to provide a context to the jury as to how a civil lawsuit is prosecuted; how discovery is conducted; and how interrogatories can be answered and used during a civil proceeding.

the "ultimate test is whether the testimony would assist the trier of fact in understanding the evidence"). Rather, Murphy's purported legal expertise as a defense attorney is used as a basis for Locallo to opine what Murphy 'would have done.' This type of opinion testimony is completely unreliable and should be barred for myriad reasons – including relevance, jury confusion, and lack of reliability. *See Hall*, 93 F3d at 1344 (7th Cir. 1996) ("Conclusory statements without any explanation why the expert can contribute to the jury's understanding of the subject are also subject to exclusion."), *citing Miller v. Pate,* 300 F.2d 414, 420 (7th Cir.1962).

Additionally, the government gave the defense notice prior to court on April 1, 2010, that it does not intend to present evidence regarding Leonard Hinton's abuse. For all of these reasons, this proffered testimony should be excluded.

### The Filing of a Civil Lawsuit Alleging Physical Abuse Does Not Mean that the Abuse Occurred

Defendant seeks to admit "expert" testimony to establish the readily-verifiable fact that simply because a lawsuit has been filed, does not mean that the lawsuit has merit – *i.e.* that the allegations in the lawsuit are true.  In today's (unfortunately) over-litigious society, almost all members of society are aware of this fact.  Allowing Locallo to testify to it would not add to the jury's knowledge base and inform its decision-making process in the instant case.  *See Hall*, 93 F.3d at 1344 (noting that a district court may exclude expert testimony that overlaps with "matters within the jury's experience" under Rule 403).  Therefore, this proffered testimony should be excluded.

### The Submission of an Answer to an Interrogatory Is Not a Submission in an Official Proceeding

Locallo's proffered testimony that an answer to an interrogatory is not a submission in an official proceeding is completely improper. As an initial matter, it is not true. As this Court has already ruled, if the conduct alleged in Counts I and III is proved beyond a reasonable doubt, a violation of 18 U.S.C. §1512(c)(2) has occurred. *See United States v. Burge*, 2009 WL 3597950 (Lefkow, J.). More fundamentally, allowing Judge Locallo to opine on what is an "official proceeding" is completely improper because what constitutes an "official proceeding" is a question of law, and therefore an improper area for opinion testimony. *See United States v. Gonzalez,* 922 F.2d 1044, 1055 (2nd Cir. 1991) (treating issue of what constitutes an official proceeding as a question of law); *United States v. Perez*, 575 F.3d 164, 166 (2nd Cir. 2009) (assuming without discussion that what constitutes an official proceeding is a question of law); *United States v. Kelly*, 36 F.3d 1118, 1128 (D.C. Cir. 1994) (assuming issue of what constitutes an official proceeding under §1512 as a question of law). While no doubt Judge Locallo is an accomplished jurist, there is no rule of evidence that permits an expert to opine on the controlling law of the case before the jury. To permit Locallo to testify in contradiction to this Court's opinion, would be both improper and create jury confusion.[6] *Compare United States v. Morris,* 576 F.3d 661, 674 (7th Cir. 2009) (cautioning that district court should be mindful to avoid jury confusion when allowing experts to testify regarding areas that invade the "jury's realm or otherwise risk prejudicing the jury").

---

[6]     The proper course to advance such a position is through a motion to dismiss, which the defendant has unsuccessfully pursued.

*The Interrogatory Answered by the Defendant Was Objectionable and Defective*

Defendant also seeks to have Judge Locallo testify that the interrogatories that form the basis for the charged conduct were "objectionable and defective." Presuming (without conceding) that Judge Locallo's opinion is correct, his opinion on this point is not relevant and would create jury confusion. The indictment itself makes clear that Burge's civil counsel objected to the questions – the indictment in Count I tracks the objections. However, by choosing to answer the interrogatories and not resting on the objections, the defendant provided an answer – an answer that had evidentiary value and must be truthful. *See* Fed. R. Civ. P. 33(c); *see also e.g. Emmel v. Coca-Cola Bottling Company of Chicago,* 95 F.3d 627, 635 (7th Cir. 1996) (ruling that answering party forced to accept sworn answer to interrogatory despite "legalistic" objections, and noting that answers to interrogatories are evidence). To allow Locallo to opine on the specific interrogatories' precision or clarity is not relevant, as the defendant answered the question. *See* Fed. R. Civ. P. 33(b)(3) (noting that to the extent an interrogatory is not objected to, it must be answered).

The only possible relevance of Locallo's opinion on the clarity of the interrogatory would be to suggest that Burge himself did not understand the question. Using Locallo's opinion to further this argument is equally improper. *See* F.R.E. 704(b); *United States v. Are,* 590 F.3d 499, 511 (7th Cir. 2009).

The issue for the jury is not whether the interrogatory was well-drafted, or whether Burge could have chosen not to answer. While these are interesting questions for an academic analysis of the practical implications raised by the underlying civil

litigation, this analysis will do little to assist the jury in its charge. The primary issue is whether the answer provided was knowingly false or not. Allowing Locallo to testify to the clarity of the interrogatories would simply lead to jury confusion, which is a well-recognized basis to bar expert testimony. *See United States v. Doe*, 149 F.3d 634, 637 (7th Cir. 1998) (discussing jury confusion in the context of drug courier profile expert testimony, and citing other cases for the same proposition). Therefore, Locallo's opinion as to this point should be barred.

### *Burge's Answers to the Interrogatories Were Not Material Because Hobley First Needed to Prove the Elements of his Prima Facie Case*

Locallo's purported opinion on this front is not based on any identified legal principle. With due respect to Judge Locallo, his opinion ignores fundamental principles of discovery in a civil proceeding. Assuming a pleading passes Fed. R. Civ. P. 11 standards, and is not subject to dismissal for failure to state a claim for relief, a plaintiff's ability to prove "the elements of his claims" is premised on engaging in proper and lawful discovery, which includes answers to interrogatories. As noted *supra*, answers to interrogatories are evidence. As is well established, an opposing party may rely on answers to interrogatories to prevail in civil litigation. *See e.g.* Fed. R. Civ. P. 56(c) (summary judgment premised on, *inter alia,* answers to interrogatories). To suggest that an answer to an interrogatory is only material if the prosecuting plaintiff could first prove his or her case is not based on any sound legal principle, and would create jury confusion. Therefore, Locallo's testimony on this point

should be barred.[7]

### *Burge's Answers to the Interrogatories Had No Effect in the Hobley Case*

The government reasserts its argument to the extent that Locallo opines that answers to interrogatories are not considered part of an official proceeding. *See supra.* The government also reasserts its arguments as to the proper role of discovery in general, and interrogatories in particular during the course of discovery, and developing admissible evidence to prove a claim at trial. *See supra.* For these reasons, the government believes that Locallo's testimony on this point should be barred.

### *Locallo Has Not Seen Any Evidence of Burge's Personal Involvement in Hobley's Interrogation*

The government objects to using Locallo to presumably "study the evidence" and make factual determinations that invade the province of the jury. The suggestion that Locallo could be used for such testimony is extremely misplaced, and his testimony on this point should be barred. Moreover, while Judge Locallo may be an experienced jurist, that expertise does not allow him to evaluate various reports, statements, and other possible evidence to render an opinion as to what he believes the defendant did

---

[7]     For these same reasons, Locallo's proffered opinion in Paragraph 10 of defendant's Rule 16 notice should also be barred. In that portion of Locallo's opinion, defendant suggests that an affirmative answer by Burge to the interrogatories at question would not be material "absent Hobley first proving the elements of his case." Again, if Burge had admitted to observing abuse and/or engaging in it himself, such an admission could have been a basis for plaintiff's relief under Rule 56, further discovery on the issue, or use as evidence at a trial. In addition to the objections noted *supra*, Locallo appears to proffer expertise in predicting the future. With no disrespect intended towards Judge Locallo, even the most gifted jurists have not been shown to have fortune teller's skills.

or did not do.

### *RETIRED SPECIAL AGENT O'BRIEN*

The government moves to bar the totality of O'Brien's testimony for a variety of reasons.

First, defendant's tendered Rule 16 disclosure is defective. *See attached.* The disclosure fails to explain what O'Brien's opinions actually are. Rather, it provides vague, non-specific opinions. *See e.g.* "street gang memberships of various government witnesses . . ." The defendant has included a bare bones summary of O'Brien's professional background, but not the detailed information necessary to determine whether O'Brien is even qualified as an expert. Finally, and as further elaborated below, there is no explanation as to how O'Brien reached his opinions.[8] This lack of explanation makes it impossible to evaluate the legitimacy of O'Brien's opinion. *See*

_____

[8] Attached to the defense's disclosure letter were several transcripts of O'Brien's prior testimony, and a transcript from a Senate Judiciary Committee meeting on June 18, 1996. The transcripts of O'Brien's testimony appeared to be from trials involving his work on the El Rukn cases. They all involved purely fact testimony – at no point was he qualified as an expert or did he give opinion testimony of any kind. Additionally, none of the items mentioned in the expert disclosure (gang membership, what gang members know, debriefings of gang members, etc.) were mentioned at all. With respect to the Senate Judiciary Committee meeting, O'Brien was not a witness, and the topic was whether individuals in the Witness Protection program were recidivists and whether Congress needed to engage in more oversight of the program. Therefore, the government has been provided with no reports, testimony, literature, studies, or any other documents to support O'Brien's opinion that: (1) street gang members attempt to gain money through civil lawsuits; (2) gangs instruct their members to make false claims of physical abuse; or (3) the DC effect exists, and was "well known" among gang members. Nor has the government received any report or sworn statement authored by O'Brien regarding these matters.

*generally United States v. Jackson,* 51 F.3d 646, 651 (7th Cir. 1995) (discussing requirements of Rule 16 disclosure).

Second, O'Brien's proffered testimony is not the type of scientific, technical, or other specialized knowledge that is appropriately reliable for testimony under Rule 702. Rather, O'Brien's testimony is the classic type of proffered opinion evidence that lacks necessary reliable bases. *See United States v. Lamarre*, 248 F.3d 642, 647 (7th Cir. 2001) (stressing the importance of applying *Daubert* analysis to social sciences). Other than O'Brien's experience, defendant offers no other reasons or bases to support O'Brien's testimony. While no doubt O'Brien has experiences beyond that of the average juror, such experience alone does not allow him to testify as to his untested opinions. *See Newsome v. McCabe*, 319 F.3d 301, 306 (7th Cir. 2003) (applying *Daubert* analysis to study of eyewitness identification and noting that study applied standard principles of social sciences). And, to the extent O'Brien's "opinions" are actually recitations of facts (*e.g.* "places and dates of [witnesses'] incarceration," "identity of fellow inmates"), such information is not properly the subject of expert testimony. *Compare* F.R.E. 1006 (allowing summary exhibits of voluminous records).

Finally, defendant provides no empirical studies or data that would support O'Brien's opinions. For example, O'Brien's opinion as to "the D.C. thing" or "D.C. effect" may indeed be O'Brien's opinion. However, this type of testimony must also be reliable. Reliability can be demonstrated through peer reviewed studies, or other means. Significantly, defendant has offered no such foundation or justification for O'Brien's opinions. *See United States v. Mamah,* 332 F.3d 475, 477 (7th Cir. 2003)

("experts' opinions are worthless without data and reasons"), *citing Kenosha v. Heublein,* 895 F.3d 415, 420 (7th Cir. 1990).  At its base, O'Brien's proffered opinions regarding what street gang members do (for example, that street gang members "attempt to gain money through civil lawsuits," or spread "false rumors about police officers") are unscientific, untested, and unreliable stereotypes that invade the jury 's vital role of drawing conclusions about the veracity of government witnesses.  *See United States v. Carter*, 410 F.3d 942, 950 (7th Cir. 2005) (holding that "the credibility of eyewitness testimony is generally not an appropriate subject matter for expert testimony because it influences a critical function of the jury – determining the credibility of the witnesses").

For the forgoing reasons, the government moves to bar retired Agent O'Brien's testimony in its totality.  In the alternative, the government moves to compel a more complete disclosure under Fed. R. Crim. P. 16 (without waiving any of the above objections), or moves for a *Daubert* hearing to more fully explore the bases of O'Brien's opinions.

### *Conclusion*

For the above-stated reasons, the government moves to bar the identified portions of Judge Locallo's proffered testimony, and to bar in its entirety the proffered testimony of retired Special Agent Thomas O'Brien.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By:     *s/ M. David Weisman*
          M. David Weisman
          Assistant United States Attorney
          Dirksen Federal Building
          219 South Dearborn Street, Suite 500
          Chicago, IL 60604
          (312) 353-5300