UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>JON BURGE, )<br>)<br>Defendant. ) | Case No. 08 CR 846 |

**RULING ON PRETRIAL SCHEDULE, SUBMISSIONS AND MOTIONS**

The final pretrial conference in this case was held on April 8, 2010. In regard to scheduling, the government's oral motion to extend the time to file trial exhibits to April 12, 2010 is granted. The schedule for jury selection is as follows:

(1) *First round of juror questionnaires*. The court will provide copies of the responses to the first round of jury questionnaires to the parties on April 20, 2010. The court will hold a conference to discuss the responses on April 22, 2010 at 2:00pm.

(2) *Second round of juror questionnaires*. Potential jurors will respond to the second round of questionnaires on May 6, 2010 in the Ceremonial Courtroom No. 2525. The court will provide copies of those responses to the parties by May 10, 2010. The court will hold a conference to discuss the responses on May 17, 2010 at 2:00pm.

(3) Jury selection begins on May 24, 2010 at 9:00am.

Enter orders regarding motions in limine [# 167, 169, 171, 172, 176, 178] and matters raised at the final pretrial conference. (See statement below). Remaining disputes are reserved until trial.

**[#167]** Government's Consolidated Motions *In Limine*.

1. The parties agree that defendant will not introduce evidence or make argument regarding the potential penalties he faces.
2. The parties agree that defendant will not introduce evidence or make argument designed to elicit jury nullification.
3. The government requests that defendant be precluded from introducing evidence of his lawful behavior, specifically (a) evidence of awards and commendations received by

      defendant and (b) evidence of interrogations or arrests where torture did not occur.
- (a) *Awards and Commendations.* To the extent it was not agreed upon by the parties at the pretrial conference, the court reserves ruling until trial as to whether defendant may elicit testimony regarding the awards and commendations he has received.
- (b) *Absence of Torture.* As stated on the record, the court grants the government's motion to exclude generalized evidence that improper coercion, physical abuse or torture did not occur during interrogations at Area Two. Defendant is, of course, permitted to introduce evidence of the absence of such conduct in regard to the specific incidents used as proof in the government's case-in-chief.

4. The parties agree that defendant will not introduce evidence or make argument regarding prosecutorial decisions.
5. The government's request that defendant be precluded from introducing evidence of an alibi is withdrawn.
6. The parties agree that defendant will not request discovery from witnesses or comment on discovery in front of the jury.
7. Defendant is ordered to give the government notice of its intent to cross-examine witnesses regarding convictions older than ten years at least two weeks prior to trial.
8. The parties agree that defendant will not unnecessarily inquire into the underlying details of the crimes with which the governments' witnesses were charged or convicted.
9. The court reserves ruling until trial on the government's request that defendant be barred from cross-examining witnesses based on their prior arrests.
10. The court reserves ruling on the extent and type of notice the defendant will be required to give regarding his cross-examination of witnesses on their prior bad acts.
11. The government's motion to bar defendant from cross-examining current or former police officers regarding complaints filed against them that were not sustained or are not relevant to the witnesses' character for truthfulness is denied without prejudice to renewal at trial.

[#169] Governments' motion in limine to admit evidence of racial animus.

      The government moves to admit evidence of racial animus from three potential categories of witnesses: (1) alleged victims, (2) people outside of the CPD, and (3) former CPD employees who worked at Area 2 with the defendant. With regard to the first category, the government contends the evidence is admissible without regard to Rule 404(b) because it proves that Burge lied when he denied using racial slurs or profanity, or verbal threats or intimidation in response to the interrogatories in *Hobley* v. *Burge*, No. 03 C 7638 (N.D. Ill). The government seeks to admit evidence from the second and third categories of witnesses on the basis that it is inextricably intertwined with the charged evidence or necessary to complete the story of the crime on trial, or, alternatively under Rule 404(b).

      "[E]vidence of other crimes, wrongs, or acts may be admissible for proof of motive, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). The list of permissible uses in Rule 404(b) is not exhaustive. *United States* v. *Taylor*, 522 F.3d 731, 735 (7th Cir. 2008). In determining whether evidence is admissible under Rule

404(b), the court must examine whether (1) the evidence is directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged; (2) the evidence shows that the other act is similar enough and close enough in time to be relevant to the matter in issue; (3) the evidence is sufficient to support a jury finding that the defendant committed the similar act; and (4) the probative value of the evidence is not outweighed by the danger of unfair prejudice. *United States* v. *Lee*, 558 F.3d 638, 647 (7th Cir. 2009) (citations omitted).

"Notwithstanding Rule 404(b), [the Seventh Circuit] has long held that evidence of prior bad acts is admissible when the acts are so inextricably intertwined with, or intricately related to, the charged conduct that they help the fact-finder form a more complete picture of the crime." *Conner*, 2009 U.S. App. LEXIS 23431, at *9 (citing *United States* v. *Samuels*, 521 F.3d 804, 813 (7th Cir. 2008)); *United States* v. *Senffner*, 280 F.3d 755, 764 (7th Cir. 2002) ("We have stated, on more than one occasion, under the inextricably intertwined doctrine, that acts concerning the chronological unfolding of events that led to an indictment, or other circumstances surrounding the crime, is not evidence of other acts within the meaning of Fed. R. Evid. 404(b)." (citations omitted) (internal quotation marks omitted)). Evidence of bad acts satisfies the inextricably intertwined doctrine if it completes the story of the crime on trial; its absence would create a chronological or conceptual void in the story of the crime; or if the acts are so blended or connected that they incidentally involve, explain the circumstances surrounding, or tend to prove any element of the charged crime. *Senffner*, 280 F.3d at 764; *accord Conner*, 2009 U.S. App. LEXIS 23431, at *12.

The Seventh Circuit has, however, recently criticized the inextricably intertwined doctrine as "unhelpfully vague." *Taylor*, 522 F.3d at 734 (explaining, "Courts do not agree on whether it refers to evidence 'intrinsic' to the charged crime itself, in the sense of being evidence of the crime, or whether though evidence of another crime it may be introduced in order to 'complete the story' of the charged crime."). In its more recent decisions, the court has expressed a preference for determining the admissibility of prior bad acts under Rule 404(b) without resorting to the inextricably intertwined doctrine. *See Conner*, 2009 U.S. App. LEXIS 23431, at *11 ("Because almost all evidence admitted under this doctrine is also admissible under Rule 404(b), there is often 'no need to spread the fog of 'inextricably intertwined' over [it]." (citations omitted) (internal quotation marks omitted)); *United States* v. *Edwards*, 581 F.3d 604, 608 (7th Cir. 2009) (formulations of inextricably intertwined doctrine lack clarity and should not be the focus of the court's inquiry into the admissibility of prior bad acts); *Harris*, 536 F.3d at 807-08 (upholding admissibility of evidence of prior drug deals under Rule 404(b) without resorting to analysis under the intricately related doctrine); *United States* v. *Fleming*, 290 Fed. Appx. 946, 948-49 (7th Cir. 2008) (same). In accordance with this recent line of cases, the court will determine whether the proposed evidence of defendant's racial animus is admissible under Rule 404(b).

### A. Victim's Accounts

The government seeks to introduce testimony from people who allegedly suffered abuse at Area 2, including allegations that Burge and other CPD officers used racial slurs such as "nigger" and made racially charged threats, such as "We're going to fry your black ass now" and "blow [your] black head off." Gov't's Mot. at 3. Because the interrogatories at issue ask whether Burge used or was aware of the use by other officers of "verbal and/or physical threats of intimidation" or "racial slurs or profanity," Burge concedes that the government need not seek

3

admission of the evidence under Rule 404(b). He does, however, contend that it should be excluded as unfairly prejudicial under Rule 403 because it will cause the jury to decide the case on the basis of their emotions. Burge also argues that the probative value of this evidence is reduced given that the interrogatories at issue asked about so many methods, procedures and techniques of abuse, coercion and torture. Because Burge issued blanket denials to the interrogatories at issue, if the jury finds the government has proved beyond a reasonable doubt that Burge used or was aware of the use of any one of the many methods of abuse, torture or coercion listed therein, the jury may return a verdict of guilty. Accordingly, such evidence is highly probative of a fact of consequence. The court does not believe that the high probative value will be substantially outweighed by the danger of unfair prejudice.

### B. People Outside the CPD

The government intends to introduce the testimony of witnesses who had conversations with Burge on social occasions where he is alleged to have used racial slurs and made derogatory jokes about African-Americans. The government contends that such testimony is admissible under Rule 404(b) because it demonstrates Burge's motive in abusing victims, tolerating abuse of others and covering up the abuse. Burge argues that such testimony would be impermissible character evidence, did not occur at the time of the charged conduct – perjury and obstruction of justice based on his 2003 interrogatory responses in *Hobley* – and is unfairly prejudicial. The court agrees that there is little probative value in admitting generalized evidence of defendant's racial animus. The government may, however, introduce testimony concerning statements Burge made to people outside the CPD regarding specific incidents which took place at Area Two to show Burge's motive and knowledge. To the extent the government seeks to use this testimony as corroborating evidence of the incidents used to prove its case-in-chief, such testimony will be admissible so long as the government can lay a sufficient foundation showing that the incident about which the witness testifies is the same as one of those used to prove its case-in-chief. The parties are directed to devise an appropriate limiting instruction on this issue.

### C. Former Area 2 Employees

The government intends to elicit the testimony of former Area Two employees regarding the racial tensions at Area Two if defendant cross-examines them regarding their bias against Burge or the CPD. The court reserves ruling on this issue until trial.

[#171] Defendant's motion and the government's oral motion to issue writs *ad testificandum* are granted without opposition. The parties are directed to provide the requested writs to the court for issuance at least three weeks before trial.

[#172] Defendant's motion regarding certain defense witnesses is granted in part and denied in part. The parties agree that the court must conduct an *ex parte* hearing to determine the validity of any witnesses' assertion of the Fifth Amendment privilege. Defendant is directed to compile a list of any witnesses who have indicated their intent to assert this privilege and tender it to the court so that it may set a date for a hearing.

To the extent defendant requests that this court grant use immunity in the event it finds that any witnesses' assertion of the Fifth Amendment privilege is valid, his request is denied. The authority to grant use immunity rests with the executive branch. *See United States* v. *George*, 363 F.3d 666, 671-72 (7th Cir. 2004) ("The power to grant use immunity is delegated

exclusively to the executive branch of the government; federal courts play only a ministerial role in ensuring the power is properly exercised." (citation omitted).); *United States* v. *Herrera-Medina*, 853 F.2d 564, 568 (7th Cir. 1988) ("[F]ederal courts do not have the power to grant immunity to a witness." (collecting cases)).

[#173] The court's ruling on the government's motion to bar the testimony of retired Circuit Court Judge Daniel Locallo and Special Agent Thomas O'Brien will issue separately by mail.

[#176] Defendant's first renewed motion for change of venue is denied without prejudice to renewal at trial for the reasons stated in open court.

[#178] The government's motion for a modified voir dire procedure is resolved by agreement.


Dated: April 8, 2010          ENTER:

                                                        _____
                                                        JOAN HUMPHREY LEFKOW
                                                        United States District Judge