IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | No. 08 CR 846 |
| | ) | Honorable Joan H. Lefkow |
| JON BURGE | ) | |

**DEFENDANT'S MOTION FOR**
**JUDGMENT OF ACQUITTAL**

Defendant JON BURGE, by his attorneys, pursuant to Rule 29(a) of the Federal Rules of Criminal Procedure, respectfully moves this Honorable Court to enter judgment of acquittal. In support thereof, the following is offered:

1. The operative language of Count One provides:

On or about November 12, 2003, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

JON BURGE,

defendant herein, did corruptly obstruct, influence, and impede an official proceeding, and attempt to do so, in that the defendant signed answers containing false statements in response to interrogatories in the case of Hobley v. Jon Burge, et. al., case no. 03 C 3678, and caused them to be served upon counsel for the plaintiff;

In violation of Title 18, United States Code, Section 1512(c)(2).

2. As can be seen, Count One alleges both choate and inchoate obstruction offenses. Even accepting all the evidence and reasonable inferences therefrom in a light most favorable to the government, the government has failed to prove that Defendant Jon Burge *completed* an obstruction offense. The government introduced zero evidence that Defendant Burge "did corruptly

1

obstruct, influence, and impede an official proceeding" through the interrogatory answers. The government did not introduce any evidence that the answers in question were ever used, or filed, by any party in any proceeding in the *Hobley* case. No witness so testified. At this juncture, the quoted choate offense language of Count One cannot stand. At most, the case should go to the jury on the attempt language only. Because the proof does not support that Burge "did corruptly obstruct, influence, and impede an official proceeding," that language should be stricken as unproven.

    3.    Count Two is the lone count in the indictment charging Defendant Burge with perjury. Count Two's operative language states:

> On or about November 25, 2003, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,
>
> JON BURGE,
>
> defendant herein, having taken an oath to testify truthfully before a competent officer, or person, in a case in which a law of the United States authorizes an oath to be administered, subscribed to sworn answers to Plaintiff's Second Set of Interrogatories in Hobley v. Jon Burge, et. al., case no. 03 C 3678, and willfully and contrary to such oath stated and subscribed to the material matter set forth above in his answer to Question 3 which he did not believe to be true, when in truth and fact, as defendant JON BURGE then and there well knew, he had observed, participated in, and had knowledge of one or more other examples of physical abuse and torture on the part of Chicago police officers at Area Two, including, but not limited to, abuse of a person by "bagging";
>
> In violation of Title 18, United States Code, Section 1621(1).

    4.    Administration of an oath is an essential element of a § 1621(1) charge. Even accepting all the evidence and reasonable inferences therefrom in a

2

light most favorable to the government, the government has failed to establish this essential element. The government called the notary public whose stamp/signature appears on the answer at issue in Count Two. That notary, Wendy Heide, testified that she lacked independent recollection of the transaction. Ms. Heide testified, however, that she did not actually administer oaths when she notarized documents. There is a legally-significant difference between notarizing a signature – what Heide said she did – and administering an oath.[1]  See Governor's Reference Guide for Notaries, p. 12 (Fla.), available at www.flgov.com/notary_ref_manual. Here, absent proof that an oath was administered before Defendant Burge signed the answer at issue, Count Two fails as a matter of law.

    5.    In addition, the government's proof on the essential element of "materiality" has failed. As noted, the government presented no evidence that the answers were ever filed or actually used in a court filing. The most that can be said is that the answers were tendered to an attorney for Madison Hobley, Jon Loevy, who testified as a government witness. Mr. Loevy, however, did not state that the answers had any effect on him, or any action or decision taken in the course of Hobley's suit. While Mr. Loevy acknowledged that he received the answer, he did not explain what he did with it. Furthermore, the fact that

---

[1]     Government witnesses testified that answers to interrogatories are supposed to "notarized." Actually, Rule 33(b)(3) of the Federal Rules of Civil Procedure provides, "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing *under oath*." The Rule does not use the word "notarized."

Defendant Burge had denied knowledge of other "examples" of abuse as claimed by Madison Hobley was unremarkable in that Burge, by that point (as shown by various stipulations presented by the government), had testified to denials on multiple occasions. Burge's failure to change course or give incriminating responses evidences that the answer was not "material." Speculation in the form of expert testimony about possible uses of answers (in general) is insufficient to satisfy the government's burden on the essential element of "materiality."

      6.      The interrogatory question and answer in Count Two are as follows:

> Is the manner in which Madison Hobley claims he was physically abused and/or tortured as described in Plaintiff's Complaint (including, for example, the allegation of "bagging" with a typewriter cover) consistent with any other examples of physical abuse and/or torture on the part of Chicago Police officers at Area 2 which you observed or have knowledge of? Please explain your answer and identify any other instances or examples of the same or similar physical abuse and/or torture.
>
> <u>ANSWER</u> I have not observed nor do I have knowledge of any other examples of physical abuse and/or torture on the part of Chicago Police officers at Area 2.

      7.      Count Two goes on to charge: "The italicized portion of this answer was false, for in truth and fact, as defendant JON BURGE then and there well knew, he had observed, *participated in*, and had knowledge of one or more other examples of physical abuse and torture on the part of Chicago police officers at Area Two, including, but not limited to, abuse of a person by 'bagging.'" The "participated in" should be stricken from Count Two. The wording of the

4

interrogatory question and answer cannot be changed by indictment fiat. Neither the question nor the answer used the term "participated in," which is conceptually different from observations or knowledge.

8.  Literally true answers cannot form the basis of a perjury charge. See *Bronston v. United States*, 409 U.S. 352 (1973). The answer here can be read to mean that Burge lacked knowledge of other "examples" of the abuse/torture claimed by Madison Hobley. This interpretation places the answer within the scope of the *Bronston* rule.

9.  The allegations regarding Hobley's complaint as stated in the indictment were not proved with competent evidence. An indictment is not the means to convey hearsay evidence to the jury. The government's failure to call Hobley as a witness or introduce his complaint into evidence requires that the indictment language regarding his complaint be stricken. In addition, the lack of proof about the indictment is yet an additional reason establishing the fundamental vagueness of the interrogatory question.

10. Based on the same interrogatory answer at issue in Count Two, Count Three charges Defendant Burge with obstruction of justice in violation of 18 U.S.C. § 1512(c). The operative language of Count Three is as follows:

> On or about November 25, 2003, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,
>
> JON BURGE,
>
> defendant herein, did corruptly obstruct, influence, and impede an official proceeding, and attempt to do so, in that the defendant

5

signed answers containing false statements in response to interrogatories in the case of Hobley v. Jon Burge, et. al., case no. 03 C 3678, and caused them to be served upon counsel for the plaintiff …

12. Like Count One, Count Three alleges a choate and an inchoate obstruction offense. Even accepting all the evidence and reasonable inferences therefrom in a light most favorable to the government, the government has failed to prove that Defendant Jon Burge *completed* an obstruction offense. The government introduced zero evidence that Defendant Burge "did corruptly obstruct, influence, and impede an official proceeding" through the interrogatory answers. The government did not introduce any evidence that the answers in question were ever used, or filed, by any party in any proceeding in the *Hobley* case. No witness so testified. At this juncture, the quoted choate offense language of Count Three cannot stand. At most, the case should go to the jury on the attempt language only. Because the proof does not support that Burge "did corruptly obstruct, influence, and impede an official proceeding," that language should be stricken as unproven.

13. The obstruction offense in Count Three is based on the perjury offense in Count Two. Because Count Two fails as a matter of law, Count Three is likewise subject to judgment of acquittal.

14. As a matter of law, the submission of a notarized answer to interrogatory to opposing counsel in a civil lawsuit – all that was shown here – is not an action taken in an "official proceeding" within the meaning of 18 U.S.C. §

6

1512(c). Sworn statements made before a notary public simply are not statements made before a "court of judge of the United States." See 18 U.S.C. § 1515(a)(1). The submission of a notarized document to opposing counsel in discovery lacks the requisite degree of formality to count as a statement made in an "official proceeding." See *Dunn v. United States*, 442 U.S. 100 (1979). Accordingly, judgment of acquittal should be entered on both obstruction of justice counts (Counts One and Three).

15. The government's failure to prove the veracity of Madison Hobley's allegations is legally consequential. No party has a right to pollute the court system with a false lawsuit. Allowing a criminal prosecution based on discovery responses in an originally-dubious suit countenances Hobley's abuse of the justice system. As argued in respect to the Simms' mistrial motion, judgment of acquittal should enter on all counts for this reason as well.

16. Prior to trial, Defendant Burge filed multiple attacks on the indictment in the form of motions to dismiss and motions to strike. Those motions presented a host of legal challenges to the charges in the indictment. Defendant Burge respectfully reincorporates those motions herein by reference and reasserts them.

17. Defendant Burge also reasserts his motion to dismiss based on pre-indictment delay. The passage of time since the underlying incidents has prejudiced Burge's ability to defend this action. Unavailable or missing evidence at this trial so far includes, for example, Cermak health records with respect to

7

Andrew Holmes; jail records for Holmes; Attorney Sufferdin's notes or file in the Holmes' case; Cermak health records with respect to Melvin Jones; jail records for Jones; and A&A records for Area Two. The passage of time also has impacted memories of government witnesses, including, for example, Attorneys James Sotos and Michael Condon's recall of the circumstances surrounding the interrogatories or answers thereto, the inability of Darlene Lopez to recall whether Burge had said (30 some years ago) that he was present when the police officers acted in the manner described in the conversation. Defendant Burge's ability to defend also has been prejudiced by the deaths/unavailability of critical witnesses, including: John Yucaitis; Dr. Korn; Officer Ferro; Officer Mulvaney; Patrick O'Hara; Charles Grunehard; and George Dunn.

      WHEREFORE, based on the foregoing, Defendant Jon Burge respectfully moves this Honorable Court to grant judgment of acquittal or strike language from the indictment as aforesaid or grant and other appropriate relief.

                                          Respectfully submitted,

                                          */s Marc W. Martin*

RICHARD BEUKE
53 W. Jackson Blvd., Suite 1410
Chicago, IL 60604
(312) 427-3050

WILLIAM GAMBONEY, JR.
216 S. Marion St.
Oak Park, IL 60302
(708) 445-1994

8

MARC W. MARTIN
MARC MARTIN, LTD.
53 W. Jackson Blvd., Suite 1420
Chicago, IL 60604
(312) 408-1111
*Attorneys for Defendant Jon Burge*

**<u>CERTIFICATE OF SERVICE</u>**

      I, MARC W. MARTIN, an attorney for Defendant Jon Burge, hereby certify that on this, the 15th day of June, 2010, I filed the above-described document on the CM/ECF system of the United States District Court for the Northern District of Illinois, which constitutes service of the same.

                                                   /s/ *Marc W. Martin*

MARC W. MARTIN
MARC MARTIN, LTD.
53 W. Jackson Blvd., Suite 1420
Chicago, IL 60604
(312) 408-1111