IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08-CR-846 |
| | ) | |
| | ) | |
| | ) | Honorable Judge Joan Lefkow |
| JON BURGE, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION TO INTERVENE TO SEEK RELEASE OF CERTAIN *IN CAMERA*
MATERIALS TO PLAINTIFF'S COUNSEL IN *CANNON V. BURGE***

Darrell Cannon, Plaintiff in the case of *Cannon v. Burge*, No. 5-C-2192, by his undersigned counsel, respectfully moves this Court for an order granting him leave to intervene in these proceedings for the limited purpose of gaining access to certain *in camera* proceedings, transcripts, and other materials that were sealed during the trial in this case for use in discovery and motion practice in his § 1983 action. In support, Intervenor-Plaintiff Cannon states as follows.

1.  Darrell Cannon is the Plaintiff in a 42 U.S.C. § 1983 suit, presently pending before Judge St. Eve that includes as defendants Jon Burge, Leroy Martin, and several Area 2 officers who worked under Burge's command. Plaintiff's Amended Complaint is attached as Exhibit A.

2.  On May 12 and May 28-29, 2010, this Court held *ex parte* hearings to determine claims of Fifth Amendment privilege made on behalf of Defendant Martin, nine Chicago police officers and a former Cook County assistant state's attorney (ASA), all of whom had been listed

1

as potential witnesses by defendant Burge in this matter.

3. In a redacted order dated June 2, 2010, this Court held as to defendant Martin and one police officer witness:

> Because the defendant [Burge] has withdrawn his subpoena for Glynn and indicated that Martin will only be called depending on whether the government calls certain witnesses, *the court need not address their claims of privilege.*

*U.S. v. Burge*, Redacted Version of Order of June 2, 2010, p. 1, n. 2, attached hereto as Exhibit B. (Emphasis added)

4. With regard to the ASA and the remaining police officer witnesses, all of whom are also potential witnesses in the *Cannon* case, this Court upheld their assertion of privilege. *See* Exhibit B, p. 9.

5. Since the assertion of the Fifth Amendment is admissible in civil proceedings in order to draw a negative inference, (*see, e.g., Baxter v. Palmigiano*, 425 U.S. 308 (1976)) Intervenor-Plaintiff sought further discovery and admissions from defendant Martin in Plaintiff's § 1983 action concerning his assertion of the Fifth Amendment.[1]

6. Specifically, Plaintiff propounded the following interrogatory and document demand on Martin:

> Please state whether you, through counsel, either asserted your Fifth Amendment privilege to the Court in *USA v. Burge* and/or informed the Court of your intention of doing so if called as a witness? If so, please describe in detail the nature and scope of the Fifth Amendment claim, its basis, the subject matter(s) covered by the claim, and whether the claim was a blanket claim.
>
> Please produce all written or electronic documents, pleadings, and any other

---

[1] In his prior depositions in this and other related torture cases, Martin had testified at length in a manner that Plaintiff considered to be substantially false and misleading without once invoking the Fifth Amendment.

2

>materials. that pertain in any way to your assertion of the Fifth Amendment or your intention to do so at the trial of *USA v Burge*.

Martin's Response to the above-quoted discovery is attached as Exhibit C.

    7.    Additionally, Plaintiff propounded the following requests for admissions to Martin:

>At the trial of Jon Burge (*USA v. Burge*) I, through my counsel, informed the Court that I would take the Fifth Amendment if called as a witness by Jon Burge.
>
>At the trial of Jon Burge (*USA v. Burge*) I, through my counsel, informed the Court that I would take the Fifth Amendment if called as a witness by Jon Burge as to all questions concerning my knowledge of Jon Burge's conduct at Area 2.

Martin's Response to Plaintiff's Requests to Admit, Admissions 1 and 2 is attached as Exhibit D.

    8.    Martin denied the interrogatory and the two requests for admission. *See* Exhibits C and D.

    9.    With regard to Plaintiff's document demand, Martin produced only one letter, and asserted that he did not have a copy of the transcript of the May 12, 28 and 29 *ex parte* hearings before this Court or an unredacted version of this Court's June 2, 2010 order. *See* Exhibit C, and discovery correspondence to and from Martin's counsel, dated October 13, 2010, attached as Exhibits E and F.

    10.    Given the apparent material inconsistencies between Martin's discovery answers and this Court's June 2 order, Plaintiff's inability to obtain this clearly relevant evidence from defendant Martin through discovery in his case, and the fact that the criminal trial has concluded and there is no longer a jury sitting in judgment, Plaintiff is entitled to the transcripts of the *ex parte* proceedings and any pleadings filed *in camera* by defendant Martin.

    11.    Access to these transcripts, as well as to any additional pleadings filed by the

police officer and ASA potential witnesses is additionally supported by the fact that each and every one of these persons is a potential witness in Plaintiff's case on issues of conspiracy, *Monell* pattern and practice, cover-up, and fraud, (*see, generally, Cannon v. Burge*, 2006 U.S. Dist. LEXIS 4040 (N.D. Ill.)) and most, if not all, of these witnesses have given what he considers to be false and misleading deposition testimony in furtherance of the continuing conspiracy and cover-up that can be impeached with these subsequent assertions of the Fifth Amendment.

12. Furthermore, Intervenor-Plaintiff's entitlement to an unredacted version of this Court's June 2 order is supported not only by the reasons set forth in paragraphs 5, 10 and 11 above, but also because he is entitled to discover the additional potential bas(es) for the prosecution of Burge, the other police defendants in his case, defendant Martin, and the numerous potential adverse witnesses who are also unsued co-conspirators, which appear to have been redacted from the order.

13. At this point, Intervenor-Plaintiff Cannon is confronted with an unfair playing field with regard to the information sought in this motion - - - defendant Martin, numerous adverse Chicago police and ASA witness/co-conspirators, and, on information and belief, defendant Burge himself, have access to evidence that is both relevant and favorable to Plaintiff's case to which he neither has access nor an alternative means of obtaining.

WHEREFORE, Intervenor-Plaintiff Darrell Cannon respectfully moves this Court for an order granting his counsel access to transcripts of all *in camera* proceedings concerning assertions of the Fifth Amendment, including, but not limited to, the proceedings conducted on May 12, 28 and 29, 2010, all related *in camera* pleadings that were filed with this Court, an

unredacted copy of this Court's June 2, 2010 order, and any other related materials.

Date: November 8, 2010                                              Respectfully submitted,

                                                                    /s/ G. Flint Taylor

Locke E. Bowman
Alexa Van Brunt                                 G. Flint Taylor
Roderick MacArthur Justice Center               Ben H. Elson
Northwestern University School of Law           Joey L. Mogul
357 East Chicago Ave.                           People's Law Office
Chicago, Illinois  60611                        1180 N. Milwaukee
(312) 503-0844                                  Chicago, Illinois  60642
                                                (773) 235-0070


For Intervenor-Plaintiff Darrell Cannon