# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 08 CR 846 |
| ) | |
| **JON BURGE,** ) | |
| ) | |
| **Defendant.** ) | |

## OPINION AND ORDER

Before the court are the government's objections to the Presentencing Report and Sentencing Memorandum (the "PSR") [#336], on the grounds that the PSR failed to apply certain cross-references in determining defendant's sentence. Defendant was convicted of three counts: (1) obstructing justice in violation of 18 U.S.C. § 1512(c)(2) by signing false answers to the first set of interrogatories propounded in *Hobley* v. *Jon Burge, et al.*, No. 03 C 3678, a civil rights case filed in this court ("*Hobley*"); (2) perjury in violation of 18 U.S.C. § 1621(1) by providing false answers to the second set of interrogatories propounded in *Hobley*; and (3) obstructing justice in violation of 18 U.S.C. § 1512(c)(2) by signing false answers to the second set of interrogatories propounded in *Hobley*.[1] In the PSR, the probation office determined that defendant's total offense level should be 14 and declined to apply the cross-reference provisions for perjury and obstruction of justice that are included in U.S.S.G. § 2J1.2 and § 2J1.3. The government, in its objections, argues that the cross-reference provisions should be applied and

---

[1] The two sets of interrogatories at issue concerned defendant's participating in and knowledge of an alleged pattern and practice of physical abuse and torture of the Chicago Police Department's Area Two detainees. The facts of this case are set forth in the opinions and orders issued by this court on October 27, 2009 (Docket No. 138), September 11, 2009 (Docket No. 130), July 29, 2009 (Docket No. 121), and April 23, 2009 (Docket No. 31).

that therefore defendant's correct total offense level is 40.  For the following reasons, the court concludes that the cross-reference provisions do not apply.

I.      **The Obstruction and Perjury Cross-Reference Provisions**

Both U.S.S.G. § 2J1.2, which determines the offense level for obstruction of justice, and U.S.S.G. § 2J1.3, which determines the offense level for perjury, contain cross-reference provisions that direct the court, in some circumstances, to sentence the defendant as if he were an accessory after the fact to the substantive criminal offenses about which he has lied.  The cross-reference provision of § 2J1.2 of provides that "[i]f the offense involved obstructing the investigation or prosecution of a criminal offense, apply § 2X3.1 (Accessory After the Fact) in respect to that criminal offense, if the resulting offense level is greater than that determined above."  U.S.S.G. § 2J1.2(c)(1).  The background section of the commentary to § 2J1.2 explains that the cross-reference was added "[b]ecause the conduct covered by this guideline is frequently part of an effort to avoid punishment for an offense that the defendant has committed or to assist another person to escape punishment for an offense."  As stated in the commentary, "use of this cross reference will provide an enhanced offense level when the obstruction is in respect to a particularly serious offense, whether such offense was committed by the defendant or another person."  Section 2J1.3, which determines the offense level for perjury, likewise provides that "[i]f the offense involved perjury, subornation of perjury, or witness bribery in respect to a criminal offense, apply § 2X3.1 (Accessory After the Fact) in respect to that criminal offense, if the resulting offense level is greater than that determined above."  U.S.S.G. § 2J1.3(c)(1).  The background commentary to § 2J1.3 explains that "perjury should be treated similarly to obstruction of justice.  Therefore, the same considerations for enhancing a sentence are applied

in the specific offense characteristics, and an alternative reference to the guideline for accessory after the fact is made."

In the PSR, the probation office did not apply the cross-reference provisions based on the fact that defendant's obstructive answers and false interrogatory answers "were not made to law enforcement officials involved in a criminal investigation or prosecution, nor were the answers presented to a criminal grand jury." PSR, lines 366–75. The government argues that the cross-reference provisions should be applied for two reasons, either of which would provide independent grounds for applying the cross references. First, at the time defendant answered the written discovery requests in the *Hobley* lawsuit, a state Special Prosecutor had been appointed to investigate whether criminal charges could be brought against defendant for abuse of prisoners at Area 2 or Area 3. *See* Attachment A to Government's Objections to the PSR. Therefore, according to the government, defendant's offense involved the obstruction of justice and perjury in respect to a criminal offense because he knew that his false answers to the interrogatories in the civil lawsuit would help him escape punishment for the criminal offenses under investigation by the Special Prosecutor. Second, the government asserts that the cross-references must be applied because defendant's "relevant conduct" includes his earlier obstructive conduct in state criminal proceedings.

**II.     Whether the Cross-Reference Provisions Should be Applied in This Case**

The court first looks to the "text of the [cross-reference] provisions and the plain meaning of the words in the text." *See, e.g.*, *United States* v. *Von Loh*, 417 F.3d 710, 713 (7th Cir. 2005) (quoting *United States* v. *Garcia-Lopez*, 375 F.3d 586, 587 (7th Cir. 2004)). The court may also look to the commentary to interpret a guideline and its meaning. *See, e.g.*, *United States* v.

*Katalinic*, 510 F.3d 744, 746 (7th Cir. 2007). Both provisions at issue require application of § 2X3.1 (Accessory After the Fact) if the offense "involve[d]" obstruction of justice or perjury with respect to a criminal offense. The term "involved" as used in the Guidelines has been understood to mean "to include." *See United States* v. *Parr*, 545 F.3d 491, 504 (7th Cir. 2008); *United States* v. *Arnaout*, 431 F.3d 994, 1001 (7th Cir. 2005); *United States* v. *Graham*, 275 F.3d 490, 516 (6th Cir. 2001). The cross-reference provision for perjury also requires that the perjury occur "in respect to" a criminal offense. Courts have held that "[p]erjury is made 'in respect to' a criminal offense when it is 'related to the criminal offense in a very entwined and enmeshed way.'" *United States* v. *Leifson*, 568 F.3d 1215, 1220 (10th Cir. 2009) (quoting *United States* v. *Renteria*, 138 F.3d 1328, 1334 (10th Cir.1998)).

### A. Defendant's Offense Conduct

The government first argues that defendant's offense conduct "involved" the obstruction of a criminal prosecution, *see* U.S.S.G. § 2J1.2(c)(1), and was made "in respect to" a criminal offense, *see* U.S.S.G. § 2J1.3(c)(1), because defendant must have known that the Special Prosecutor's investigation was underway when he provided false discovery responses in *Hobley*. In doing so, it emphasizes that courts have interpreted the cross-section provisions broadly in situations where the offense conduct clearly occurred during the course of a criminal proceeding or investigation. *See, e.g.*, *United States* v. *Gallimore*, 491 F.3d 871, 877 (8th Cir. 2007) (obstruction of justice cross-reference not limited to conduct that actually obstructed a criminal proceeding); *United States* v. *Leon-Reyes*, 177 F.3d 816, 824 (9th Cir. 1999) (perjury cross-reference should be applied where the defendant "knew or had reason to know, at the time of the perjury, that his testimony concerned a criminal offense"); *United States* v. *McQueen*, 86 F.3d

4

180, 182 (11th Cir. 1996) (obstruction of justice cross-reference should be applied even where defendant has been acquitted of the "underlying offense").

The cases that examine the cross-reference provisions in factual situations analogous to the one presented here, however, are ambiguous with respect to the merits of the government's position. As the government concedes, there are at least two prior cases where a similar fact pattern existed and the courts did not apply the cross-reference provision to an obstruction of justice charge. Neither of these cases, however, addressed the precise issue raised here. In *United States* v. *LeMoure*, 474 F.3d 37 (1st Cir. 2007), the defendant police officers were convicted of obstructing justice in a civil case and in a grand jury proceeding. Both the civil suit and the grand jury proceeding were related to the same events and the grand jury investigation had begun while the civil suit was pending. Following the recommendation of the probation office, the district court applied one set of guidelines calculations for the group of offenses related to the civil case and another for the offenses related to the grand jury proceedings, noting in particular that § 2J1.2(c) did not apply to obstruction of the civil proceedings. *See* 474 F.3d at 44–45 & Appendix. The First Circuit affirmed the district court's calculations without addressing whether the district court's distinction between the civil and criminal proceedings was correct. In *United States* v. *Ronda*, 455 F.3d 1273 (11th Cir. 2006), the district court did not apply the cross-reference provision where the defendant officers were convicted of obstructing a civil proceeding by giving false and misleading testimony in a deposition. The civil litigation involved the wrongful shooting of a citizen and the statements in the deposition occurred after a formal investigation had been initiated regarding the same conduct that later led to an FBI

investigation and a criminal prosecution. The Eleventh Circuit affirmed without considering whether this particular application of the sentencing guidelines was correct.

More relevant is *United States* v. *Bova*, 350 F.3d 224 (1st Cir. 2003), where the First Circuit considered and rejected the applicability of the perjury cross-reference provision. In *Bova*, the defendant was arrested for stabbing two individuals in violation of his supervised release. He was brought before a magistrate judge to determine whether he should be released on bail or detained. At the bail hearing, the defendant denied that he had committed the assaults. He was later indicted for perjury and obstruction of justice based on this testimony. The government cross-appealed and argued that the district court should have applied the cross reference in the perjury guideline because the perjury was "about" the criminal assaults, even though it did not occur in a criminal proceeding. 350 F.3d at 230. The First Circuit held that the cross-reference did not apply:

> The government concedes that direct precedent is scarce but says that the cross reference language – "in respect to a criminal offense" – is broad and applies here because here the perjury was *about* the assaults. In truth, phrases like "in respect to" or "in connection with" are highly elastic and any sensible construction invites inquiry into what the drafter was trying to accomplish. *See United States* v. *Conley,* 186 F.3d 7, 25 (1st Cir.1999), *cert. denied,* 529 U.S. 1017, 120 S. Ct. 1417, 146 L. Ed. 2d 310 (2000). . . .
>
> The government . . . misses the point to make the subject matter of the perjury, rather than its connection to the prosecution of a criminal offense, the decisive consideration. A material lie about any subject in a criminal trial court could sensibly trigger the cross reference; a lie in a civil or other non-criminal proceeding about a criminal act, at least if not a direct threat to a criminal trial or investigation, deserves no more punishment than a lie about a non-criminal act.

*Id.* at 230–31 (emphasis added). The facts and issues presented in *Bova* are similar, in significant respects, to those presented here. Yet *Bova*'s reasoning, which emphasizes that the "connection to the prosecution of a criminal offense [is] the decisive consideration," provides

6

scant support for the government's position. Although the Special Prosecutor's investigation and the *Hobley* suit proceeded during the same time period and concerned the same conduct, it is not clear that defendant's offense conduct in this case was "connected to" or was a "direct threat" to the Special Prosecutor's investigation. Indeed, when defendant was called to testify before the special state grand jury he invoked his Fifth Amendment privilege against self-incrimination.

The government's position is best supported by the stated purpose of the cross-reference provisions, which is to address circumstances where the defendant's conduct "is . . . part of an[] effort to avoid punishment for an offense that the defendant has committed." Background Commentary to U.S.S.G. § 2J1.2; *see also* Background Commentary to U.S.S.G. § 2J1.3. The Guidelines do not give any indication, however, that the cross-reference provisions were meant to be applied in situations where the offense conduct occurred solely in the context of a civil proceeding. The cross-reference provisions plainly state that the offense must "involve," *i.e.* include, a criminal prosecution or proceeding. Defendant's offense conduct, as charged in the indictment and prosecuted at trial, did not include perjury in the state Special Prosecutor investigation or obstruction of that proceeding. For these reasons, the court will not apply the cross-reference provisions on the grounds that defendant's offense conduct involved obstruction of justice or perjury with respect to the state Special Prosecutor investigation.

**B.    Defendant's Relevant Conduct**

The government also asserts that the cross-references should be applied based upon what it refers to as the "relevant conduct approach." The Relevant Conduct guideline provides that the cross-references in Chapter Two "shall be determined on the basis of" (1) all acts that

7

"occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense," U.S.S.G. § 1B1.3(a)(1), or (2) "solely with respect to offenses of a character for which § 3D1.2(d) would require grouping of multiple counts, all acts and omissions . . . that were part of the same course of conduct or common scheme or plan as the offense of conviction," U.S.S.G. § 1B1.3(a)(2). The Seventh Circuit has explained that the Relevant Conduct guideline "is a general application principle that governs both cross-references in Chapter Two offense guidelines and offense level adjustments in Chapter Three, provided those sections do not specify to the contrary." *United States* v. *Ritsema*, 31 F.3d 559, 564 (7th Cir. 1994); *see also* Application Note 1.H to U.S.S.G. § 1B1.1 (defining the word "offense" is to "mean[] the offense of conviction *and all relevant conduct under § 1B1.3* (Relevant Conduct)" (emphasis added)). "The goal of including relevant conduct in sentencing is to allow a court to reflect in its sentence the actual seriousness of an offense, instead of strictly limiting it to the charge the prosecutor names in the indictment." *Ritsema*, 31 F.3d at 546–65.

The government argues that defendant's relevant conduct includes false statements made in civil depositions and hearings on motions to suppress in criminal proceedings between 1982 and 1989 concerning alleged acts of torture against Andrew Wilson, Derrick Martin, and Shadeed Mu'min. *See* Government's Objections to PSR at 10 ("Defendant's obstructive conduct of lying in the *Hobley* interrogatories was simply an extension of defendant's continued denials of these type of allegations since the 1970's."), 12 ("Defendant's perjurious answers to the interrogatories were "part of the same course of conduct" as his perjurious testimony in both the Andrew Wilson criminal case, as well as perjurious testimony that the defendant gave in the

8

Shadeed Mu'min criminal case."); Government's Version of the Offense at 23 n.6 (describing the allegedly relevant conduct as "a lengthy course of conduct of perjury" in eight different civil and criminal proceedings). These false statements occurred between 14 and 21 years before the instant offences and were not committed during the commission of the instant offense or as part of defendant's attempt to avoid responsibility for the instant offense. *See* PSR at lines 485–94. They relate to persons other than the plaintiff in *Hobley*. Therefore they do not constitute relevant conduct under § 1B1.3(a)(1). *See id.* at lines 495–504.

With respect to whether defendant's prior conduct can be considered relevant conduct under § 1B1.3(a)(2), the court first looks to whether the prior conduct could be grouped with the instant offense under § 3D1.2(d). *See Ritsema*, 31 F.3d at 566 ("Section 1B1.3(a)(2) cannot be read to make [defendant's] obstruction of justice conduct relevant to his silencer offense because by its terms, it applies *only* to offenses which would be grouped as multiple counts under section 3D1.2(d).").[2] Perjury and obstruction of justice are not listed as offenses that are required to be grouped together under § 3D1.2(d). Therefore the court must make its own "determination . . . based upon the facts of the case and the applicable guidelines." U.S.S.G. § 3D1.2(d). In making this assessment, the court looks to the "similarity, regularity, and temporal proximity of the uncharged acts to the offense of the conviction." *United States* v. *Sykes*, 7 F.3d 1331, 1336 (7th Cir. 1993).[3] The court must "'look for a stronger presence' of at least one of the components if

---

[2] The government asserts that § 1B1.3(a)(2) applies because "all counts of conviction are grouped pursuant to § 3D1.2(d)." Government's Objections to PSR at 10 n.4. While it is true that the PSR groups all counts of the instant conviction pursuant to a different section, § 3D1.2(b), the Report also makes clear that defendant's prior perjury and obstruction of justice offenses – which is what the court considers as part of its relevant conduct analysis – should not be grouped under § 3D1.2. *See* PSR at lines 495–504.

[3] *Sykes* discusses the standard for determining relevant conduct under § 1B1.2(a)(2), which, as noted above, references grouping under § 3D1.2(d). The court's case-by-case analysis under § 3D1.2(d)

9

one of the components is not present at all." *Id.* (quoting *United States* v. *Mullins*, 971 F.2d 1138, 1144 (7th Cir. 1992)).

The government has cited two cases that support its position that perjury or obstruction of justice in one proceeding may be considered relevant conduct to perjury or obstruction of justice charge in a later proceeding. *See United States* v. *Plumley*, 207 F.3d 1086 (8th Cir. 2000); *United States* v. *French*, 46 F.3d 710 (8th Cir. 1995). In *Plumley*, the Eighth Circuit held that threatening a witness in a grand jury proceeding was conduct that was relevant to a charge for obstruction of justice. The defendant's conduct related to the same grand jury proceeding and the two incidents took place one month apart. 207 F.3d at 1091. In *French*, the Eighth Circuit concluded that perjury in a state divorce proceeding was relevant conduct to a perjury conviction in a federal fraud and perjury case because "both the state and federal convictions [were] based upon actions taken by [the defendant] during the same time period [approximately one year], in the same general geographic area, for the same purpose, as part of a common plan to preserve his farming operation, and involving the same set of farm assets." 46 F.3d at 717. This case presents a much closer issue than either *French* or *Plumley*, however, as defendant's prior conduct is decades removed from the instant offenses and relates to deposition and suppression hearing testimony in cases not directly related to the *Hobley* suit. Indeed, based on these factors, the probation office reasoned that defendant's offenses were not "ongoing and continuous in nature with the offense guideline having been written to cover such behavior." *See* PSR at lines 498–99.

---

provides "the basis" for its analysis of relevant conduct under § 1B1.3(a)(2). *See* Background Commentary to U.S.S.G. § 1B1.3(a)(2).

Even taking the unique circumstances of this case into account, *see Hinton* v. *Uchtman*, 395 F.3d 810, 821 (7th Cir. 2005) (Wood, J., concurring), the court concludes that the probation office was correct that defendant's prior false testimony in the 1980's does not constitute conduct that should be grouped under § 3D1.2(d). The Guidelines do not support the conclusion that distinct instances of perjury and obstruction of justice, involving different proceedings and individuals over the course of several years, qualify as "ongoing" misconduct. *See* Introductory Commentary to Part D (citing "many environmental offenses" as an example of ongoing misconduct that should be grouped); Background Commentary to U.S.S.G. § 3D1.2 ("Counts involving different victims (or societal harms in the case of 'victimless' crimes) are grouped together only as provided in subsection (c) or (d)."). Defendant's prior acts of perjury and obstruction of justice, which lack temporal proximity or clear similarity (other than the fact that they involve the same offense), could be charged and sentenced individually. *Cf. Sykes*, 7 F.3d at 1335 (noting that the Relevant Conduct guideline "is designed to take account of 'a pattern of misconduct that cannot readily be broken into discrete, identifiable units that are meaningful for purposes of sentencing.'" (quoting Background Commentary to U.S.S.G. § 1B1.3)). For these reasons, the defendant's prior acts of perjury do not constitute relevant conduct under the sentencing guidelines.

## CONCLUSION AND ORDER

For the foregoing reasons, the court accepts the offense determination contained in the PSR at pages 11–17. The court reserves its ruling with respect to issues raised by the government in its objections to the PSR, or in the defendant's response thereto, that are not addressed in this opinion and order.

Dated: January 19, 2011          Enter: _____
                                 JOAN HUMPHREY LEFKOW
                                 United States District Judge