UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | No. 08 CR 846 |
| v. | ) | |
| | ) | Judge Lefkow |
| JON BURGE | ) | |

**UNOPPOSED MOTION TO USE PREVIOUSLY DISCLOSED GRAND JURY TESTIMONY AT UPCOMING HEARING**

NOW Comes Petitioner-Intervenor, KEITH MITCHELL, by and through his attorneys, LOEVY & LOEVY, and petitions this Court to permit him to use the previously-disclosed grand jury testimony of Michael McDermott at his upcoming evidentiary hearing. In support thereof, Petitioner states as follows:

1. Petitioner-Intervenor Keith Mitchell has alleged that he was wrongfully convicted of a murder that he did not commit. The only evidence implicating Mitchell in this crime was the purported oral confession that the then-15 year old gave to then-Detective Michael McDermott. At his motion to suppress, at trial and now in his post-conviction petition, Mitchell has alleged that that confession was absolutely false: McDermott unlawfully threatened Mitchell and then perjured himself when McDermott denied any coercion and testified that Mitchell asked to confess to the shooting outside the presence of his mother and then proceeded to voluntarily do so. The First District Court of Appeals in Illinois granted Mitchell a post-conviction evidentiary hearing on whether Mitchell's confession should have been suppressed because the primary evidence of the confession came from McDermott, "a police officer who committed

perjury in similar cases." *People v. Mitchell*, 2012 IL App (1st) 100907 at ¶ 2. That hearing is scheduled to begin on September 21, 2015.

2.      On December 11, 2013, Mitchell filed a motion to compel the United States Attorney's Office ("USAO") to release a copy of McDermott's grand jury testimony in *United States v. Burge*, No. 08 CR 846 (N.D. Ill.). Dckt No. 434.

3.      Following an in-court hearing, on January 17, 2014, this Court ordered the USAO to produce to Mitchell pages 16 through and including page 28 of McDermott's grand jury testimony. Dckt Nos. 437 & 438. The materials were released "for attorneys eyes only" until a protective order was entered in the case. *Id*.

4.      That protective order permits Mitchell to submit McDermott's grand jury testimony as an exhibit to or as part of a written brief filed under seal but does provide Mitchell with the opportunity to use McDermott's grand jury testimony in court during his examination of McDermott at his upcoming evidentiary hearing. *See* Ex. A, Protective Order.

5.      Therefore, following consultation with the USAO, Mitchell hereby requests permission to use McDermott's grand jury testimony at his evidentiary hearing.

6.      As this Court previously recognized in its January 2014 ruling, Mitchell needs McDermott's grand jury testimony to ensure the reliability of McDermott's evidentiary hearing testimony. Dckt No. 438, at 5. That is because (a) McDermott has "previously perjured himself and even gave testimony at the Burge trial that was inconsistent with his grand jury testimony;" (b) Mitchell may need to use McDermott's grand jury testimony to refresh McDermott's recollection; (c) Mitchell may need to introduce McDermott's grand jury testimony if McDermott refuses to cooperate or

invokes his Fifth Amendment right not to testify; and (d) because McDermott's grand jury testimony "may help Mitchell to impeach McDermott if he does choose to testify." *Id*. at 5-6.

7. It is clear from the Court's order that the Court contemplated that Mitchell would be permitted to use McDermott's testimony during his evidentiary hearing in open court. As such, Mitchell simply requests modification of the protective order to align it with the Court's ruling; that is, to permit Mitchell to use McDermott's grand jury testimony at the September 21, 2015 hearing.

8. Counsel for Mitchell has spoken with the USAO about his request. The USAO does not oppose Mitchell's request.

WHEREFORE, Petitioner-Intervenor, KEITH MITCHELL, hereby requests that he be given permission to use McDermott's grand jury testimony during his upcoming September 21 evidentiary hearing in the Circuit Court of Cook County.

RESPECTFULLY SUBMITTED,

   /s/Michael Kanovitz

Arthur Loevy
Jon Loevy
Michael Kanovitz
Gayle Horn
Roshna Bala Keen
LOEVY & LOEVY
312 North May Street
Suite 100
Chicago, IL 60607
Ph: (312) 243-5900
Fx: (312) 243-5902

3

## **CERTIFICATE OF SERVICE**

   I, Michael Kanovitz, an attorney, certify that on September 10, 2015, I filed a copy of the attached motion via the Court's electronic filing system and thereby served a copy on all counsel of record.

                      /s/ Michael Kanovitz