IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 CR 846 |
| | ) | |
| v. | ) | Hon. Joan H. Lefkow, |
| | ) | United States District Judge |
| JON BURGE, | ) | |
| | ) | |
| Defendant. | ) | |

MOTION TO INTERVENE TO REQUEST
RELEASE OF GRAND JURY TRANSCRIPTS

Tony Anderson, by and through his attorneys, the Exoneration Project at the University of

Chicago Law School, moves to intervene in the above-captioned matter for the purpose of

obtaining the release of pages 16 through and including 28 of Michael McDermott's September

25, 2008 grand jury testimony in this matter. In support, Anderson states as follows:

I.      INTRODUCTION

Movant Tony Anderson seeks to intervene under Fed. R. Civ. P. 24 to obtain an Order

granting him access to a specific portion of the grand jury testimony of Michael McDermott in this

case. Anderson intends to use that testimony in pending proceedings in the Circuit Court of Illinois.

In 1990, Anderson was arrested on auto theft charges and interrogated by Detectives

McDermott and Anthony Maslanka. (Ex. 1 at 1). "During that questioning McDermott held a gun

to [Anderson's] head and threatened to blow his brains out." (*Id.*) Maslanka likewise abused

Anderson. (*Id.*) Anderson "was crying and agreed to confess." (*Id.*) "As a result, [Anderson] was

subsequently indicted on over 100 charges in 13 different cases in Cook County" and was found

guilty in all 13. *People v. Anderson*, 402 Ill. App. 3d 1017, 1018 (Ill. App. 1st Dist. 2010).

In response to widespread evidence that Defendant Jon Burge and officers under his

command employed torture as a means of extracting purported confessions from criminal suspects, the Illinois legislature "establishe[d] an extraordinary procedure to investigate and determine factual claims of torture" and created the Torture Inquiry and Relief Commission ("TIRC") which is directed to, among other things, "conduct inquiries into claims of torture." 775 Ill. Comp. Stat. 40/10, 40/15, 40/35. If TIRC concludes "that there is sufficient evidence of torture to merit judicial review," a matter is referred to the Circuit Court of Cook County. 775 Ill. Comp. Stat. 40/45.

Anderson petitioned TIRC for relief. TIRC concluded that Anderson "has consistently claimed since his motion to suppress to have been tortured in the manner alleged in his TIRC Claim." (Ex. 1 at 3). Further, TIRC noted that Anderson's claim "is strikingly similar to other claims of torture" leveled against police officers under the command of Jon Burge, including McDermott. (*Id.*) As such, TIRC referred Anderson's case to the Cook County courts for review.

The Circuit Court of Cook County will conduct an evidentiary hearing at which Anderson will present "proof by affidavits, depositions, oral testimony, or other evidence." 775 Ill. Comp. Stat. 40/50. Det. McDermott's grand jury testimony in the matter before this Court will be relevant and compelling evidence at Anderson's evidentiary hearing. As a result, Anderson respectfully requests that this Court order the United States Attorney's Office to release McDermott's grand jury testimony to Anderson's attorneys subject to an appropriate protective order.

This Court has previously granted access to the requested documents to similarly-situated state post-conviction petitioners Keith Mitchell and Ralph Harris. (Memorandum Op. and Order of Jan. 17, 2014 (Dkt. 438), Minute Order of May 13, 2015 (Dkt. 445), attached as Exs. 2 and 3).

Because it appears that none of the Assistant United States Attorneys listed on the docket for this case currently work for the U.S. Attorney's Office, Anderson's counsel is unable to ascertain what position that Office may have with respect to this request.

## II.     PROCEDURAL HISTORY

Anderson's cases have a "complex procedural history." *Anderson*, 402 Ill. App. 3d at 1018. The first case to go to trial was number 90 CR 11984. That case "proceeded with a bench trial and [Anderson] was found guilty of attempted murder, armed violence and armed robbery and sentenced to 3 concurrent terms of 25 years' imprisonment." *Id*. at 1019. The tortured confession[1] was used against Anderson at this trial. (Ex. 4 at 5).

"In case No. 90 CR 11985, [Anderson] proceeded with a jury trial and was convicted of armed robbery and sentenced to 25 years' imprisonment with the sentence to run concurrent to the sentence imposed in case No. 90 CR 11984." *Anderson*, 402 Ill. App. 3d at 1019. Prior to this trial, the State told Anderson that the tortured confession would be used against him if he exercised his constitutional right to testify in his defense. (Ex. 4 at 5). Anderson did not testify.

Trial on the next case was set to begin on August 5, 1991. (*Id*.) However, Anderson's counsel did not appear that day, nor the next. (*Id*.) The trial judge was forced to take the extraordinary step of issuing a bench warrant to compel Anderson's attorney to appear. (*Id*.) The next day, "an Asst. State's Attorney and the Judge reported that they had spoken with [the attorney's] neighbor, who said that [the attorney] was injured, his face was swollen, and he appeared to be sedated and unable to go to court." (*Id*.) A State's Attorney's Office investigator was sent to the attorney's home and found him "bruised, disoriented, intoxicated, and unable to move." (*Id*. at 5-6). When the attorney had recovered from his intoxication, he appeared in court and Anderson pleaded guilty to the remaining cases. (*Id*. at 6). As TIRC concluded, "the circumstances surrounding Anderson's guilty pleas … suggest that Anderson was not represented

---

[1] Anderson's coerced statements are referred to herein as "confessions" and his coerced provision of them as "confessing." The terms are used for the sake of simplicity and brevity and should not be construed to mean that Anderson concedes that the content of any statement is accurate.

by competent counsel at the time of his plea. Given the unusual facts, it is a fair inference that [Anderson's attorney] was not prepared for trial … and may have had an incentive to advise Anderson to plead guilty to all outstanding charges[.]" (*Id*. at 15).

Anderson thereafter filed a motion to vacate his guilty pleas, arguing that he did not understand the plea agreement and that his attorney had "'coerced' him into pleading guilty." *Anderson*, 402 Ill. App. 3d at 1023. The court construed that motion as a post-conviction petition and denied it. *Id*. Anderson filed a second state post-conviction petition in 2000, a third in 2004, and a fourth in 2008. *Id*. at 1023, 1026. All were denied. *Id*. at 1023, 1026, 1038.

Anderson petitioned TIRC for relief. On May 20, 2013, TIRC found "sufficient evidence of torture to conclude that [Anderson's] Claim is credible and merits judicial review for appropriate relief" and referred the matter to the Illinois courts. (Ex. 1 at 1). Following that referral, a question arose as to which of the 13 cases were within the ambit of the referral. (Ex. 4 at 1). The court sent the matter back to TIRC for clarification. (*Id*.) TIRC clarified that the referral applied to 12 of the 13 cases and referred the matter back to the courts on May 20, 2015. (*Id*. at 15).

The matter is currently pending before the Honorable Judge Stanley Sacks. At a July 12, 2018 hearing, Judge Sacks granted Anderson leave to petition this Court for release of McDermott's grand jury transcripts.

## III. LEGAL STANDARD

This Court has set forth the applicable standard for release of grand jury transcripts:

> Rule 6(e) allows the court to authorize disclosure of a grand jury matter in connection with a judicial proceeding, but the party seeking disclosure must meet a "deliberately stringent" three-part test to overcome the "distinct interests served by safeguarding the confidentiality of grand jury proceedings." *Matter of Grand Jury Proceedings, Special Sept., 1986*, 942 F.2d 1195, 1198 (7th Cir. 1991). The party seeking disclosure must show that (1) the material he seeks is necessary to avoid a possible injustice in another judicial proceeding; (2) the need for disclosure is greater than the need for continued secrecy; and (3) his request is structured to cover only

4

materials so needed. *Douglas Oil Co. of Ca. v. Petrol Stops NW*, 441 U.S. 211, 221, 99 S. Ct. 1667, 60 L. Ed. 2d 156 (1979).

(Ex. 2 at 3).

## IV.    ARGUMENT

### A.    The requested material is needed to avoid possible injustice.

Anderson needs the requested grand jury testimony in order to avoid an injustice in his state court proceedings. The issue for the Cook County court to decide is whether the evidence supports a conclusion that Anderson's confessions were the product of torture. The requested material will help avoid possible injustice for a number of reasons: 1) the grand jury transcripts may be the only extant source of testimony by McDermott regarding his misconduct, 2) the transcripts will allow the Cook County court to properly consider evidence of Det. McDermott's history of abuse and perjury, 3) the transcripts will allow the Cook County court to assess McDermott's credibility, and 4) the transcripts may refresh McDermott's recollection.

*__First__*, McDermott's grand jury testimony may be the only time that he was forthcoming about his history of abusing suspects. Based on publicly-available material, it appears that McDermott made admissions to the grand jury regarding the abuse of Alphonso Pinex and having subsequently lied about that abuse. For example, McDermott "acknowledge[d] in front of the federal grand jury that he had in fact lied and perjured himself … during the course of giving testimony" at Pinex's motion to suppress. McDermott also "incriminated himself by admitting that he had abused Mr. Pinex without provocation." *United States v. Burge*, 08 CR 846 (N.D. Ill) (Tr. at 92-93, 96). At Burge's trial, however, McDermott attempted to retract those admissions, testifying instead that Pinex claimed "there was abuse done during the interrogation, and I answered honestly that there was not." *Id*. at 104; see also *id*. at 104-05 (denying he struck Pinex); *id.*, at 14 ("[McDermott's] testimony is different than what he has said at grand jury"). For these reasons, this Court has

5

concluded that McDermott's grand jury testimony includes information that is not contained within the public record, including "admissions [that] go beyond information presented at the Burge trial and in the special prosecutor's report" regarding Burge's misconduct. (Ex. 2 at 5).

Similarly, in the event McDermott invokes his Fifth Amendment rights not to testify, the grand jury transcripts will be necessary. As this Court has noted, "[i]n the case of a hostile or uncooperative witness, grand jury testimony is 'properly discoverable.'" (*Id*. (*citing Williams v. O'Meara*, No. 82 C 278, 1987 WL 10305, at *2 (N.D. Ill. Apr. 30, 1987)).

For these reasons, McDermott's grand jury testimony is necessary to avoid injustice because it is in the only known instance in which he testified about these important matters.

**_Second_**, under Illinois law, a police officer's history of abuse is relevant and admissible to establish, *inter alia*, the officer's course of conduct during custodial interrogations. *See*, *e.g.*, *People v. Patterson*, 192 Ill.2d 93, 145 (2000); *People v. Banks*, 192 Ill. App. 3d 986, 994 (Ill. App. 1st Dist. 1989) (evidence of abuse "tends to show the conduct that these two police officers employ in interrogating suspects who are in custody, and such evidence is therefore probative as to the conduct they employed in the present case to obtain defendant's confession"). Here, and as noted above, McDermott's grand jury testimony includes testimony about his history of abusing suspects, including "admissions [that] go beyond information presented at the Burge trial and in the special prosecutor's report" regarding Burge's misconduct. (Ex. 2 at 5). That testimony will be relevant and admissible regarding McDermott's history of abuse.

**_Third_**, evidence regarding McDermott's history of abuse is admissible to impeach his credibility should he deny engaging in such abuse or invoke his Fifth Amendment right not to testify. *People v. Cannon*, 293 Ill. App. 3d 634, 640 (1997) ("[E]vidence of other similar acts could be used to impeach the credibility of the Area 2 police officers who will testify at the hearing.").

The Seventh Circuit has likewise concluded that it is a "proper use for grand jury testimony" to "assure the reliability" of witness testimony. *Lucas v. Turner*, 725 F.2d 1095, 1104 (7th Cir. 1984); *see also* ex. 2 at 5. In Anderson's case, McDermott's credibility is directly at issue.

This Court has explained, in the analogous situation presented by Intervenor Keith Mitchell, that McDermott's credibility "is a highly relevant consideration, especially in light of the fact that McDermott has previously perjured himself and even gave testimony at the Burge trial that was inconsistent with his grand jury testimony." (Ex. 2 at 5). So too in Mr. Anderson's case.

*__Fourth__*, "grand jury testimony may be used to refresh a witness' recollection. (*Id.*, citing *Lucas*, 725 F.2d at 1105). "Given that the events in question here occurred […] decades ago and McDermott gave his grand jury testimony […] years ago, it is reasonable to conclude that McDermott might need to rely on grand jury testimony to refresh his memory." (*Id.*)

### B. The need for disclosure is greater than the need for continued secrecy.

Anderson's need for the grand jury testimony greatly outweighs the need for continued secrecy. This Court has previously set forth the reasons for grand jury secrecy:

> Among the reasons for grand jury secrecy are to ensure "that prospective witnesses come forward voluntarily; that one who testifies before a grand jury does not fear reprisal, and, therefore, testifies 'fully and frankly'; that the indicted does not flee (because he is not aware of the indictment) or 'try to influence individual grand jurors to vote against the indictment'; and that individuals exonerated by the grand jury are not publicly ridiculed." *West* v. *United States*, No. 08 CR 669, 2010 WL 1408926, at *3 (N.D. Ill. Apr. 5, 2010) (quoting *United States* v. *Sells Eng'g, Inc.*, 463 U.S. 418, 424 […] (1983)). Moreover, "[t]he grand jury as a public institution serving the community might suffer if those testifying today knew that the secrecy of their testimony would be lifted tomorrow." *United States* v. *Proctor & Gamble Co.*, 356 U.S. 677, 682, 78 S. Ct. 983, 2 L. Ed. 2d 1077 (1958).

(Ex. 2 at 6).

However, "[w]here the 'secrecy considerations are less relevant, the burden on [the moving party] is not as strong.'" (*Id.* (quoting *West*, 2010 WL 1408926, at *5)). "The need for grand jury

7

secrecy is diminished once the grand jury has fulfilled its duties or when the criminal case is concluded." (*Id*. (citing *U.S.* v. *Calabrese*, No. 06 CR 239, 2010 WL 3613973, at 5 (N.D. Ill. Sept. 8, 2010); *In re Petition of Moore*, No. 80 C 450, 1985 WL 2357, at 3 (N.D. Ill. Aug. 20, 1985)).

In Anderson's case, his need for the grand jury transcripts is substantial and the interest in maintaining their secrecy is slight. Anderson needs the transcripts in order to avoid an injustice as set forth above. On the other hand, "[t]he Burge trial has concluded; Burge was sentenced in January 2011 (*see* dkt. 362), the Seventh Circuit affirmed his conviction, and the Supreme Court denied his petition for a writ of *certiorari*. *See United States* v. *Burge*, 711 F.3d 803 (7th Cir. 2013), *cert. denied*, 134 S. Ct. 315 (2013). The United States Attorney has already petitioned for grand jury material to be released to third parties in this case, and the court has granted those petitions. (*See* dkts. 376, 383, 409, 414.)." (*Id*. at 7). In addition, the Court has ordered the transcripts released to the similarly-situated Keith Mitchell and Ralph Harris. (Exs. 2 and 3).

For these reasons, Anderson's substantial need for the grand jury material greatly outweighs any secrecy interests.

### C. Anderson's request is structured to cover only the needed materials.

Anderson's request is not a fishing expedition into grand jury proceedings. Rather, Anderson seeks only those specific pages of grand jury testimony that this Court has previously deemed appropriate to disclose to similarly-situated individuals. (*See* ex. 2 at 7). The Court has previously "reviewed these transcripts *in camera* and has determined which portions are relevant to [Keith] Mitchell's argument that McDermott's pattern of mistreating individuals in custody[.]" (*Id*. at 8). The Court concluded that "pages 16 through and including 28 of McDermott's grand jury testimony from September 25, 2008" were relevant to Mitchell's claim.

The same question of McDermott's pattern of mistreating individuals in custody is at issue in Anderson's case and he therefore seeks the same transcript pages as were disclosed to Mitchell

and requests permission to use those transcripts in the pending state court proceedings. (*Id*. at 8).

When the Court granted Mitchell access to the grand jury transcripts, it entered a Protective Order. (Ex. 5, Dkt. 439, Jan. 24, 2014 Protective Order). Because that Order did not explicitly give Mitchell the right to use the transcript at the evidentiary hearing in his state court proceedings, the Court subsequently granted an unopposed motion to allow Mitchell's use of the transcript at the hearing. (Dkt. 448). Anderson has no objection to being ordered to abide by the terms of the January 24, 2014 Protective Order, with the additional clarification that he is allowed to use the disclosed material at the evidentiary hearing in his pending state court proceedings.

## V.    CONCLUSION

Tony Anderson has consistently alleged that Det. McDermott unlawfully coerced him into confessing to multiple crimes and then lied about it. Anderson now has the opportunity to prove it at a hearing in state court. But to do so, he needs McDermott's grand jury testimony. Because the grand jury testimony is needed to avoid injustice, Anderson's particularized need outweighs any secrecy concern, and Anderson's request is discrete and limited, Anderson respectfully requests that this Court enter an order granting Anderson access to pages 16 through and including 28 of McDermott's grand jury testimony from September 25, 2008 and permission to use the testimony at an evidentiary hearing in state court.

Dated:  July 18, 2018                         Respectfully submitted,

                                               /s/ Karl Leonard
                                              Karl Leonard
                                              THE EXONERATION PROJECT
                                                at the University of Chicago Law School
                                              311 N. Aberdeen Street, 3rd Floor
                                              Chicago, IL 60607
                                              (312) 789-4955
                                              Karl@exonerationproject.org

                                              *Attorney for Intervenor Tony Anderson*

## <u>CERTIFICATE OF SERVICE</u>

I, Karl Leonard, an attorney, hereby certify that on July 18, 2018, I filed the foregoing

MOTION TO INTERVENE TO REQUEST RELEASE OF GRAND JURY TRANSCRIPTS

using the Court's CM/ECF system, which effected service on all counsel of record. Further, I

served counsel of record in the pending state court matter by electronic mail as follows:

Michael O'Rourke (morourke@orourkeandmoody.com)
Shane Costelloe (scostelloe@orourkeandmoody.com)
Assistant Special State's Attorneys
55 W. Wacker Drive, 14th Floor
Chicago, IL 60601

　　/s/ Karl Leonard　　　　　　
*Attorney for Tony Anderson*

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | No. 08 CR 846 |
| Plaintiff, | ) | |
| | ) | Hon. Joan H. Lefkow, |
| v. | ) | United States District Judge |
| | ) | |
| JON BURGE, | ) | |
| | ) | |
| Defendant. | ) | |

## EXHIBIT LIST

| Exhibit 1 | Case Disposition, Claim No. 2011.014-A (Torture Inquiry and Relief Comm'n, May 20, 2013) |
|---|---|
| Exhibit 2 | Memorandum Opinion and Order, *United States v. Burge*, No. 08 CR 846, Dkt. 438 (N.D. Ill. Jan. 17, 2014) |
| Exhibit 3 | Minute Order, *United States v. Burge*, No. 08 CR 846, Dkt. 445 (N.D. Ill. May 13, 2015) |
| Exhibit 4 | Order Following Referral to the Commission by Chief Judge Evans, Claim No. 2011.014-A, (Torture Inquiry and Relief Comm'n, May 21, 2015) |
| Exhibit 5 | Protective Order for Materials Produced by United States Attorney's Office, *United States v. Burge*, No. 08 CR 846, Dkt. 439 (N.D. Ill. Jan. 24, 2014) |