UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> JON BURGE ) <br> ) <br> Defendant, ) <br> v. ) <br> ) <br> KEITH MITCHELL ) <br> ) <br> Intervenor. ) | No. 08 CR 846 <br><br> Judge Joan H. Lefkow |

**PROTECTIVE ORDER FOR MATERIALS**
**PRODUCED BY THE UNITED STATES ATTORNEY'S OFFICE**

This matter having been presented to this court by petition filed by intervenor Keith Mitchell, and this court having ruled on January 17, 2014, that the United States Attorney produce pages 16 through 28 of Michael McDermott's September 25, 2008 grand jury testimony pursuant to the terms of this protective order,

IT IS ORDERED that pages 16 through 28 of Michael McDermott's September 25, 2008 grand jury testimony may be disclosed subject to the terms and conditions of this protective order.

This protective order applies to all responsive documents identified above. The protection granted by this order shall encompass the entire disclosure. Any material containing protected information that is provided to counsel for intervenor is to be

EXHIBIT A

identified on the outside of the sealed parcel containing the protected information with a legend stating: "PROTECTED MATERIAL ENCLOSED". Upon receiving the protected material, counsel for intervenor is responsible for abiding by the terms and conditions of this protective order.

Counsel for the intervenor will be provided with a single copy of protected material, except as otherwise agreed to by the United States Attorney. The protected material is only for use in the case entitled *People of the State of Illinois v. Keith Mitchell*, No. 92 C 19459 (Circuit Court of Cook County). Intervenor's attorney may provide one copy of any protected material to the State's Attorney only after the State's Attorney has agreed in writing to abide by the terms of this protective order, and may otherwise make additional copies only to be filed with a brief or other document or material to be filed with the court.

Disclosure of the material or information contained therein is to be limited to: (1) the court; (2) counsel for intervenor and any professional, paralegal and clerical personnel who are engaged in assisting counsel in *People v. Mitchell*, No. 92 C 19459; (3) any person not employed by, or under contract with the intervenor who is retained by the attorneys for the intervenor as a consultant or expert witness to assist in *People v. Mitchell*, No. 92 C 19459; and (4) any other person whom the court has deemed to be entitled to view the protected material.

No protected material that is incorporated into a brief or as an exhibit to any court filing shall be filed with the court unless (1) it is filed under seal, or (2) written notice has

been provided to the United States Attorney and the United States Attorney does not object to the filing. If the United States Attorney objects, then the filing party and the United States Attorney shall meet and confer, and if unable to resolve the objection, the matter shall be brought before this court for resolution.

No protected material may be disclosed to a consultant or expert witness unless the individual has been designated in writing to the United States Attorney at least five (5) business days in advance of any disclosure of protected material to such individual. If objection is timely made, no protected material may be divulged to a consultant or expert without court approval. Disclosure shall not be made, in any event, to any consultant or expert unless the consultant or expert has signed a non-disclosure agreement with the retaining attorney. This non-disclosure agreement shall, at a minimum, require the individual to abide by the terms of this protective order and prohibit both the use, and the disclosure, of any information or knowledge received subject to this protective order except in connection with *People v. Mitchell*, No. 92 C 19459.

Protected material received by counsel for the intervenor, or the information contained therein, is to be used only for the subject matter of *People v. Mitchell*, No. 92 C 19459. Within fourteen calendar days after a final decision on the merits in *People v. Mitchell*, No. 92 C 19459, all protected documents in the possession of intervenor's counsel and the State's Attorney shall be returned to the United States Attorney, or with the prior written agreement of the United States Attorney, retained under the terms of this

protective order for such period as may be agreed. In the absence of such agreement and for good cause shown, the brief period for retention of this material may be extended by order of the court.

This order does not prevent the United States Attorney from asserting any other legally cognizable privilege to withhold any document or information. Upon agreement of the parties, or by further order of court, the terms of this protective order will apply to subsequently disclosed documents properly marked.

This order is considered an order of a court of competent jurisdiction for purposes of the Privacy Act, 5 U.S.C. § 552a(b)(11).

Any allegations of abuse or violation of this order will be considered by the court either for purposes of determining whether it should enter sanctions, including a contempt of court order, or for purposes of determining whether or not the matter should be referred for appropriate possible disciplinary proceedings, or both.

Date: January 24, 2014

_____
UNITED STATE DISTRICT JUDGE