UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>JON BURGE,<br><br>　　　　Defendant | No. 08 CR 846<br><br>Honorable Joan Humphrey Lefkow |

**UNITED STATES' RESPONSE TO EBONY REYNOLDS' MOTION TO INTERVENE FOR GRAND JURY TRANSCRIPTS OF GOVERNMENT WITNESS MICHAEL MCDERMOTT**

The United States of America, by JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, hereby responds to Ebony Reynolds' motion to intervene and to disclose the grand jury transcript of Michael McDermott (R. 465).

As an initial matter, the government respectfully requests that this Court refer the intervenors' motion for disclosure to Chief Judge Pallmeyer, who oversees the grand jury. Local Rule of Criminal Procedure 6.1 provides that "[t]he chief judge shall supervise the operations of the grand jury," and that "[a]ll matters pertaining to grand juries shall be heard by the chief judge or his or her designee." As another court in this district has explained, "[b]ecause the secrecy of a federal grand jury is essential, jurisdiction over matters proceeding before the grand jury is vested in the United States district court that supervises the grand jury." *Markarian v. Alloian*, 836 F. Supp. 529, 531 (N.D. Ill. 1993) (Norgle, J.).

In any event, the government objects to disclosure of those parts of McDermott's grand jury testimony that go beyond the materials disclosed by the government in connection with the trial in this matter. Rule 6(e) provides for grand jury secrecy that can be broken only if there is a "compelling necessity" shown with particularity. Fed. R. Crim. P. 6(e). Title 28 of the Code of Federal Regulations, section 16.26, works in conjunction with Rule 6(e) and provides that the Department of Justice shall not disclose materials in response to a demand if so disclosing would violate Rule 6(e). 28 C.F.R. § 16.26 (2014). There is a narrow exception available if the party seeking disclosure meets a "deliberately stringent" three-part test and overcomes the "distinct interests served by safeguarding the confidentiality of grand jury proceedings." *Matter of Grand Jury Proceedings, Special Sept., 1986*, 942 F.2d 1195, 1198 (7th Cir. 1991). The party seeking disclosure must show that (1) the material he seeks is necessary to avoid a possible injustice in another judicial proceeding; (2) the need for disclosure is greater than the need for continued secrecy; and (3) his request is structured to cover only materials so needed. *Douglas Oil Co. of Ca.* v. *Petrol Stops NW*, 441 U.S. 211, 221 (1979).

The government acknowledges that this Court has ordered the government to disclose portions of McDermott's grand jury testimony to other individuals. In 2014, this Court ordered the government to disclose pages 16 to 28 of McDermott's September 25, 2008 grand jury transcript to the attorneys to Keith Mitchell (who, like Reynolds, moved to intervene in this case for purposes of seeking disclosure) for use in his post-conviction proceeding. R. 438 (granting the motion for disclosure in

part and denying it in part, finding, after an in camera review of the testimony, that Mitchell could receive only certain pages). This Court also has granted similar motions by other intervenors. R. 445, 457.

Here, as it did with respect to the motions to intervene and for disclosure filed by other individuals, the government maintains its objection to disclosing McDermott's grand jury testimony. McDermott was examined and cross-examined at the June 2010 criminal trial in this case regarding McDermott's and Burge's misdeeds, and questions and answers from his grand jury testimony are part of that public record. *See* R. 465-4 at 24, 31 (McDermott's trial transcript). In light of his access to McDermott's trial testimony and other materials, Reynolds has not shown a compelling necessity for disclosure of the grand jury testimony.

        Respectfully submitted,

        JOHN R. LAUSCH, JR.
        United States Attorney

By:   /s/ *Andrianna D. Kastanek*
      ANDRIANNA D. KASTANEK
      Assistant U.S. Attorney
      219 South Dearborn St., Rm. 500
      Chicago, Illinois 60604
      (312) 886-0974