UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>JON BURGE,<br><br>  Defendant | 08 CR 846 |

### REYNOLDS REPLY TO GOVERNMENT'S RESPONSE TO PETITION TO INTERVENE FOR GRAND JURY TRANSCRIPTS OF MICHAEL MCDERMOTT

Ebony Reynolds, by and through his counsel, Dena M. Singer of Bedi & Singer, LLP, hereby replies to the Government's Response to Reynolds's Motion to Intervene for Grand Jury Transcripts:

First, the Government requests that Mr. Reynolds's motion be transferred to the Chief Judge who oversees the grand jury, citing a 1993 district court case as its authority. *See* Dkt 468 at 1. The Seventh Circuit, however explained in 2016 that "Rule 6(e) is 'but declaratory' of the long-standing principle that disclosure of grand jury materials is committed to the discretion of the trial court." *See Carlson v. United States*, 837 F.3d 753, 763 (7th Cir. 2016) (omitting some internal citations) (citing *Pittsburgh Plate Glass Co. v. United States*, 360 U.S. 395, 399 (1959) (after the Rules were adopted); *United States v. Socony–Vacuum Oil Co.*, 310 U.S. 150, 234 (1940) (before the Rules were adopted)). This Court has exercised its discretion to release McDermott's grand jury materials to many different petitioners, and the Government has made no argument as to why Mr. Reynolds should be the exception. *See* Dkts 438, 445.

1

Second, the Government objects to the disclosure of McDermott's grand jury testimony that goes beyond what the Government disclosed at trial. *See* Dkt 468 at 2. The Government cites no authority to impose this type of limitation other than Rule 6(e) and the corresponding three-part test. *Id*. Mr. Reynolds addressed Rule 6(e) and the three-part test in his initial petition. *See* Dkt 465 at 5. He described in detail why disclosure of all of McDermott's grand jury testimony is necessary for his upcoming hearing under the Torture Inquiry and Relief Act. *Id*. at 6-13. The Government did not identify a single flaw in Mr. Reynolds's argument; it also failed to explain why Mr. Reynolds should be prevented from using necessary materials and instead limited to the materials chosen by the Government to impeach its *own* witness during the trial of a different defendant.

Third, the Government acknowledges the Court has already granted similar petitions to intervene. *See* Dkt 468 at 2-3. The Government makes no attempt to argue that the Court was wrong to disclose these grand jury materials to similarly-situated petitioners.

Finally, the Government argues that disclosure is not necessary because McDermott was examined and cross-examined at trial, and thus Mr. Reynolds has access to all the information he needs in the trial transcripts. *See id*. at 3. The Government's argument on this point has already been rejected and is disingenuous. The Government made this exact argument when Keith Mitchell sought to intervene, and the Court rejected it as it related to Pinex. *See* Dkt 438 at 5 ("Regardless, having reviewed the grand jury transcripts *in camera*, the court finds that McDermott's grand jury admissions go beyond information presented at the Burge trial and in the special prosecutor's report. The court thus disagrees with the government's argument that Mitchell already has all the information he needs in the public record."). Further, the Government itself has petitioned this Court for the release of all grand jury documents and

2

witness transcripts to other third parties who alleged they were tortured by Burge and other CPD detectives. *See* Dkt 438 at 7 ("The United States Attorney has already petitioned for grand jury material to be released to third parties in this case, and the court has granted those petitions.") (citing Dkts 376, 383, 409, 414). It is completely disingenuous for the Government to argue in those petitions that "[t]he requested materials are needed to enable the attorneys involved in these cases to fully litigate issues," to then object to Mr. Reynolds's petition for the same materials, deny the necessity of these documents, and argue that trial transcripts should suffice. *Compare* Dkt 376 at 1-2 (Government requesting the release of all grand jury materials to tortured third-parties because they are needed to fully litigate the issues) *with* Dkt 468 at 3 (Government objecting to the release of any grand jury materials to Mr. Reynolds because they are not necessary).

Wherefore, Mr. Reynolds respectfully requests this Honorable Court to authorize the disclosure of McDermott's grand jury transcripts pursuant to Rule 24.

            Respectfully submitted,
            /s/ Dena M. Singer
            Dena M. Singer
            Bedi & Singer, LLP
            53 West Jackson #1505
            Chicago, IL 60604
            (312) 525 2017
            dsinger@bedisinger.com
            Attorney for the Defendant

**Certificate of Service**

I, Dena M. Singer, hereby certify, I caused a copy of the foregoing Motion to be served on upon the Assistant United States Attorney by causing it to be electronically filed with the Clerk of the Court using the CM/ECF system.

/s/ Dena M. Singer
Dena M. Singer