IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08 CR 846 |
| | ) | |
| JON BURGE, | ) | Judge Joan H. Lefkow |
| | ) | |
| Defendant. | ) | |

## ORDER

    Petition by Ebony Reynolds to intervene for disclosure of grand jury transcripts of Michael McDermott (dkt. 465) is granted. This order is stayed pending entry of a protective order that is consistent with prior orders at dkts. 439, 462. The parties and government shall submit an agreed proposed order or competing proposals for a protective order governing the disclosure of the transcripts to Proposed_Order_Lefkow@ilnd.uscourts.gov. The parties shall forward a copy of this order to the Assistant United States Attorneys who have worked on this matter. See statement.

### Statement

    Reynolds petitions to intervene in this action to request the disclosure of Michael McDermott's grand jury testimony under Federal Rule of Criminal Procedure 6(e)(3)(E)(i). Reynolds claims that he needs the entire transcript for his upcoming Illinois Torture Inquiry and Relief Commission (ITIRC) evidentiary hearing in state court to ensure the reliability of the testimony of McDermott, a Chicago Police detective who allegedly tortured him.

    Reynolds persuasively demonstrates that he satisfies the three-part test from *Douglas Oil Co. of Ca.* v. *Petrol Stops NW*, 441 U.S. 211 (1979): (1) he needs the transcripts to avoid a possible injustice because it contains McDermott's admissions of torturing or witnessing torture and McDermott's admissions of dishonesty; (2) the need for continued secrecy is outweighed by his need for the transcripts; and (3) he needs the transcripts in their entirety to be prepared for McDermott's anticipated testimony at the ITIRC hearing. *Pro forma*, the government objects, claiming that disclosure is not warranted because certain portions of the grand jury transcript were made public at trial.

    The court has previously allowed the release of portions of McDermott's grand jury transcripts. *See* dkts. 437, 438, 445, 457. And in *Mitchell* v. *City of Chicago*, No. 18 C 7357, 2019 WL 3287844 (N.D. Ill. July 22, 2019), a § 1983 action against McDermott, another court allowed the release of the full McDermott grand jury transcript to the plaintiff, who had

previously been allowed disclosure of a portion of the transcript by this court.[1] For the reasons provided by Reynolds in his petition, along with similar bases articulated in this court's prior orders and the *Mitchell* court, disclosure of the full grand jury transcript for Reynolds's use in his ITIRC hearing is warranted.

Date: June 21, 2022

                                              _____
                                              U.S. District Judge Joan H. Lefkow

---

[1] There, unlike here, the government submitted *ex parte* and under seal a separate brief discussing the particulars of the grand jury testimony.