IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | No. 08 CR 846 |
| v. | ) | |
| | ) | Hon. Joan H. Lefkow, |
| JON BURGE | ) | United States District Judge |
| | ) | |

**REPLY IN SUPPORT OF PETITION TO INTERVENE TO REQUEST GRAND JURY TRANSCRIPTS OF GOVERNMENT WITNESS MICHAEL MCDERMOTT**

Dwayne Bruce, by and through his undersigned counsel, files this reply in support of his Petition to Intervene to Request Grand Jury Transcripts of Government Witness Michael McDermott (dkt. 476).

The Government has not substantively opposed Bruce's request. Rather, the Government requests that the matter be heard by the Chief Judge instead of this Honorable Court. The Government ignores the interests of judicial economy; ignores that this Court is uniquely positioned to address this issue, having addressed it multiple times already; and ignores that the Local Criminal Rules do not require the result it seeks. Rather, the Government's request relies solely on a misreading of those Rules.

According to the Government, LCR 6.1 requires transfer of this matter to the Chief Judge because that Rule indicates that "all matters pertaining to grand juries shall be heard by the chief judge or his or her designee." Dkt. 476 at 1 (quoting LCR 6.1). However, in context, it is clear that the Rule does not apply to Bruce's request. The Rule's language relates to the empaneling of grand juries and the facilitation of a grand jury's deliberation. *See* LCR 6.1. It does not require that any matter remotely related to grand jury proceedings can only be considered by the Chief Judge. If that were the case, nearly every criminal matter would be required to proceed before the Chief

Judge because they necessarily "pertain[] to" an indictment handed down by a grand jury.

Similarly, the Government misinterprets Local Criminal Rule 6.2, which states that requests for grand jury materials "*maintained by the clerk* … shall be available only on order of the chief judge." LCR 6.2. As Bruce explained in his petition, he is seeking the materials from the United States Attorney's Office, not the Clerk. Therefore, LCR 6.2 does not apply.

For the reasons set forth in his petition, and in the interests of justice and judicial economy, Bruce asks that the Court grant his petition and order the U.S. Attorney's Office to tender the grand jury transcripts of Michael McDermott.

Dated: October 10, 2025          Respectfully submitted,

                                               /s/ Karl Leonard
                                             Karl Leonard
                                             THE EXONERATION PROJECT
                                                  at the University of Chicago Law School
                                             311 N. Aberdeen Street, 3rd Floor
                                             Chicago, IL 60607
                                             (312) 789-4955
                                             Karl@exonerationproject.org

                                             *Attorney for Petitioner Dwayne Bruce*

**CERTIFICATE OF SERVICE**

I, Karl Leonard, an attorney, hereby certify that on October 10, 2025, I caused the foregoing Petition to be filed via the Court's CM/ECF system, which effected service on all counsel of record.

   /s/ Karl Leonard

Karl Leonard