**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 08 CR 846 |
| v. | Hon. Joan Humphrey Lefkow |
| JON BURGE | |

**GOVERNMENT'S SUPPLEMENT TO ITS RESPONSE TO PETITION TO REQUEST GRAND JURY TRANSCRIPTS OF GOVERNMENT WITNESS MICHAEL MCDERMOTT**

The United States of America, by its attorney, ANDREW S. BOUTROS, respectfully submits this supplements to its response in opposition to Dwayne Bruce's Petition to Intervene to Request Grand Jury Transcripts of Government Witness Michael McDermott (Dkt. No. 474).

In his reply, petitioner states that the government "has not substantively opposed" his request. Dkt. No. 477, at 1. Not so. As indicated in its response, the government believes that this matter should be heard by the chief judge. However, if the Court were to entertain the request, the government opposes. Rule 6(e) provides for grand jury secrecy that can be broken only if there is a "compelling necessity" shown with particularity. Fed. R. Crim. P. 6(e). Title 28 of the Code of Federal Regulations, section 16.26, works in conjunction with Rule 6(e) and provides that the Department of Justice shall not disclose materials in response to a demand if so disclosing would violate Rule 6(e). 28 C.F.R. § 16.26 (2014). There is a narrow exception available if the party seeking disclosure meets a "deliberately stringent" three-part test and overcomes the "distinct interests served by safeguarding the

confidentiality of grand jury proceedings." *Matter of Grand Jury Proceedings, Special Sept., 1986*, 942 F.2d 1195, 1198 (7th Cir. 1991). The party seeking disclosure must show that (1) the material he seeks is necessary to avoid a possible injustice in another judicial proceeding; (2) the need for disclosure is greater than the need for continued secrecy; and (3) his request is structured to cover only materials so needed. *Douglas Oil Co. of Ca.* v. *Petrol Stops NW*, 441 U.S. 211, 221 (1979).

This Court has previously ordered the government to disclose a portion of Michael McDermott's grand jury testimony. *See* Dkt. No. 438. Reviewing the grand jury transcripts *in camera*, the Court found that McDermott's grand jury admissions went beyond the information presented at Burge's trial and in the special prosecutor's report; that, because the Burge matter had concluded, the need for secrecy was outweighed by its value to the petitioner; and that the petitioner had demonstrated a substantial need for the grand jury material in his post-conviction proceeding. *Id.* The Court, however, limited the order to pages 16 to 28 of McDermott's September 25, 2008 grand jury transcript. *Id.* It reasoned that petitioner could receive only those materials for which there was a compelling necessary and that these 12 pages were those that had to do with petitioner potential pattern of mistreating individuals in custody.[1] *Id.* at 7-8.

Here, as it did with respect to the motions to intervene and for disclosure filed by other individuals, the government maintains its objection to disclosing

---

[1] The Court has also granted similar motions filed by other intervenors. *See, e.g., Burge,* 08 CR 846, R. 445, 457.

McDermott's grand jury testimony. McDermott was examined and cross-examined at the June 2010 criminal trial in this case regarding McDermott's and Burge's misdeeds, and questions and answers from his grand jury testimony are part of that public record. See Dkt. No.. 465-4 at 24, 31 (McDermott's trial transcript). In light of his access to McDermott's trial testimony and other materials, the petitioner has not shown a compelling necessity for disclosure of the grand jury testimony.

If the Court find that the petitioner here has carried his burden to obtain these 12 pages of McDermott's grand jury testimony in this matter, he has not carried his burden to obtain the entirety of McDermott's grand jury testimony, which the government can provide to the Court for *in camera* review.

Last, to the extent that the Court does grant petitioner's request here, the government requests that the Court enter a protective order. *See, e.g.*, Dkt. Nos. 439, 462, 472.

Respectfully submitted,

ANDREW S. BOUTROS
United States Attorney

By:     */s/Jared Hasten*
        JARED HASTEN
        Assistant United States Attorney
        219 S. Dearborn Street, Rm. 500
        Chicago, Illinois 60604
        (312) 353-5354